[Nos. 23649-8-III; 23651-0-III;   Division Three.   June 30, 2005.]
23652-8-III; 23653-6-III.

*In the Matter of the Sentence of* TAMRA A. JONES ET AL.

*Robert M. McKenna, Attorney General,* and *Rhonda D. Larson, Assistant,* for petitioner.

*Donald G. Miller; Susan M. Gasch* (of *Gasch Law Office*); *William D. Edelblute;* and *Steven M. Tucker, Prosecuting Attorney,* and *Kevin M. Korsmo* and *Andrew J. Metts III, Deputies,* for respondents.

¶1 KATO, C.J. — The Department of Corrections (DOC) filed these petitions pursuant to RAP 16.18 for review of the sentences of Tamra A. Jones, Ty J. Jordan, and Donald James Konshuk. The petitions concern a single issue: Whether the superior court has the authority to order a term of community custody in sentences of less than one year confinement for offenses other than those listed in RCW 9.94A.545. The cited statute provides that the court may impose up to one year of community custody in "sentences of confinement for one year or less, in which the offender is convicted of a *sex offense, a violent offense, a crime against a person . . . or felony violation of chapter 69.50 or 69.52 RCW."* RCW 9.94A.545 (emphasis added).

¶2 We agree with DOC that the superior court exceeded its sentencing authority when it added a term of community custody to the sentences in these consolidated cases, all of

which were for crimes other than those set forth in the statute. We therefore remand these cases with directions that the superior court strike the terms of community custody from the sentences.

## FACTS

*Tamra A. Jones: Nos. 23651-0-III and 23649-8-III:*

¶3 In September 2004, Ms. Jones pleaded guilty to a forgery she committed in February 2004. The superior court sentenced her to two months' confinement and one year of community custody. Because the court found that Ms. Jones' chemical dependency contributed to her committing the forgery, it ordered as a condition of the community custody that she be evaluated and treated for substance abuse.

¶4 In a separate judgment entered on the same date as the forgery conviction, Ms. Jones was convicted by plea of the offenses of unlawful possession of payment instruments and second degree possession of stolen property, both committed in December 2003. Ms. Jones's sentences consisted of concurrent terms of four months' confinement and one year of community custody. Again, because the trial court found that Ms. Jones' chemical dependency contributed to her committing the two possession offenses, it ordered as a condition of community custody that she be evaluated and treated for substance abuse.

*Ty J. Jordan: No. 23652-8-III:*

¶5 In September 2004, Mr. Jordan pleaded guilty to two counts of second degree theft, both committed in the spring of 2004. Mr. Jordan's sentences consisted of six months' confinement and one year of community custody. The superior court found that Mr. Jordan's chemical dependency contributed to his committing the thefts. It therefore ordered as a condition of community custody that he be evaluated and treated for substance abuse.

*Donald James Konshuk: No. 23653-6-III:*

¶6 Mr. Konshuk pleaded guilty to second degree unlawful possession of a firearm and second degree possession of explosives, both committed in March 2004. The court imposed a sentence of 124 days' confinement and one year of community custody. In addition, it found that Mr. Konshuk's chemical dependency contributed to his committing the offenses, and it ordered as a condition of community custody that he be evaluated and treated for substance abuse.

## ISSUE

¶7 Does the superior court have the authority to impose a term of community custody in the above sentences, based on its findings that a chemical dependency of the particular defendant contributed to his/her committing the crimes? Or, is such authority limited to the offenses specifically named in RCW 9.94A.545?

## ANALYSIS

¶8 Prior to the amendment in 2003, RCW 9.94A.545 had authorized the superior court to impose community custody in *all* sentences for felonies in which the confinement time was one year or less. *See* former RCW 9.94A.383 (1999). DOC argues that the 2003 amendment indicates a legislative intent to limit community custody to the listed offenses.

¶9 In opposition, the State cites the fact that RCW 9.94A.545 does not specifically provide that community custody is authorized *only* in the offenses mentioned in the statute. Additionally, the State argues that the legislature must have intended to authorize the superior court to order community custody for offenses other than those listed because it has authorized the court to impose certain sentence conditions if it finds the offender has a chemical dependency that contributed to the offense. *See* RCW

9.94A.607(1).[1] In those circumstances, "the court may, as a condition of the sentence[,] . . . order the offender to participate in rehabilitative programs or otherwise to perform affirmative conduct reasonably related to the . . . crime . . . and reasonably necessary or beneficial to the offender and the community." RCW 9.94A.607(1). And to implement such conditions, the State reasons that the court must have the authority to sentence the offender to community custody so that DOC may supervise the offender's compliance.[2]

■ ■ ¶10 We hold that RCW 9.94A.545 is clear on its face and unambiguously limits the court's authority to impose community custody in sentences for 12 months or less to the offenses listed in the statute. Accordingly, the court need not resort to rules of statutory construction to determine the legislature's intent. *State v. Manro*, 125 Wn. App. 165, 173, 104 P.3d 708 (2005) (citing *Yousoufian v. Office of King County Executive*, 152 Wn.2d 421, 434, 437, 98 P.3d 463 (2004)). Nevertheless, that reading is supported by the fact the 2003 amendment to RCW 9.94A.545, which lists the offenses for which community custody is available, would have been unnecessary if the legislature intended that courts have authority to impose it in all felony sentences of one year or less in which the court found substance abuse contributed to the offense. The courts had that authority under the prior version of the statute.

¶11 Such a reading is also supported by the context in which the legislature amended RCW 9.94A.545—i.e., the amendment is found in section 8 of Laws of 2003, chapter 379. That chapter's introduction identifies it as an "Act, Relating to times and supervision standards for release of offenders, . . . and declaring an emergency." LAWS OF 2003, ch. 379, Summary. Section 1 of the Act expedites the

---

[1] The statute the State relies upon, RCW 9.94A.607, was last amended in 1999, prior to the 2003 amendment of RCW 9.94A.545.

[2] The State does not assert that the superior court has any inherent authority apart from the Sentencing Reform Act of 1981, chapter 9.94A RCW, to impose community custody.

movement of certain less-serious offenders out of the state-funded correctional system by expanding the percentage of "early release time" to one-half of the total sentence for many minor offenses. By inference, section 8's listing of offenses for which the superior court may order community custody also indicates a legislative intent to limit the expenditure of DOC's community supervision resources to more serious offenders.

¶12 RCW 9.94A.607(1), which authorizes the court to impose certain sentence conditions if it finds the offender has a chemical dependency that contributed to the offense, does not mandate community custody in all offenses in which such a finding is entered. The State argues that the legislature must have intended to allow the court to impose community custody in sentences other than those enumerated in RCW 9.94A.545 because RCW 9.94A.607(1) is not limited to those offenses. We disagree. The two statutes are consistent. That is, RCW 9.94A.607(1) authorizes the court to impose affirmative conditions such as participation in rehabilitative programs when it sentences offenders to a term of community custody under RCW 9.94A.545 or any of the other statutes that authorize it. Conversely, such conditions are not available in sentences for offenders who are not subject to a term of community custody.

CONCLUSION

¶13 The superior court did not have authority to impose community custody in the sentences on review here. The underlying offenses were not offenses for which community custody is available under RCW 9.94A.545. DOC's petitions for postsentence review are granted and the causes are remanded for resentencing without the provisions for community custody.

KURTZ and BROWN, JJ., concur.