[No. 24573-0-III.   Division Three.   July 27, 2006.]

*In the Matter of the Postsentence Review of* MYRON A. MANIER.

*Robert M. McKenna, Attorney General*, and *Alex A. Kostin, Assistant*, for petitioner.

*Janet G. Gemberling* and *Julia A. Dooris* (of *Gemberling, Dooris & Ladich, P.S.*); and *Steven J. Tucker, Prosecuting Attorney*, and *Kevin M. Korsmo, Deputy*, for respondents.

¶1 KATO, J. — The court sentenced Myron A. Manier to 53 months' confinement and 9-18 months' community custody for attempted second degree assault—domestic violence. The Department of Corrections (DOC) contacted all parties, asking that the sentence be amended because Mr. Manier was not eligible for community custody. DOC filed this petition when the parties failed to act. We deny the petition.

¶2 Mr. Manier pleaded guilty to second degree assault—domestic violence. On June 27, 2005, the court sentenced him to 53 months' confinement and imposed community custody of 9-18 months.

¶3 On August 2, 2005, DOC wrote a letter to the court, the prosecutor, and defense counsel, indicating Mr. Manier was not eligible for community custody. DOC asked that the community custody provision be removed from the sentence. No action was taken. DOC then filed this petition.

¶4 DOC filed the petition pursuant to RAP 16.18 for review of Mr. Manier's sentence. DOC contends the court erred by imposing community custody because Mr. Manier was not eligible under RCW 9.94A.715(1), which provides that a person sentenced for a sex offense, a violent offense, a crime against a person, or a felony offense under chapter 69.50 or 69.52 RCW shall also be sentenced to a term of community custody. Because attempted second degree assault does not qualify as one of the four types of offenses

listed in the statute, DOC argues the court erred by imposing community custody.

¶5 DOC claims attempted second degree assault does not qualify as a violent offense. Although the State agrees, it asserts the community custody provision was imposed because the crime committed was a crime against a person.

¶6 The length of community custody is determined by the type of offense for which the defendant is sentenced. *See* RCW 9.94A.850(5). The range for violent offenses was 18-36 months, while the range for crimes against a person was 9-18 months. Finding Mr. Manier's conviction for attempted second degree assault was a crime against a person, the court accordingly imposed community custody.

¶7 RCW 9.94A.715(1) references RCW 9.94A.411(2) to define a crime against a person. Second degree assault is listed as such a crime. Attempted second degree assault, however, is not listed. DOC and Mr. Manier argue RCW 9.94A.411(2) is controlling. If a crime is not listed as one against a person, the court cannot impose community custody on that ground. The State counters that anticipatory offenses are not listed because the nature of the crime, whether against a person or property, does not change simply because the offense was attempted rather than actually committed. The State therefore contends attempted second degree assault is a crime against a person.

¶8 The ordinary meaning of "crime against a person" is an offense involving injury or threat of injury to another. *State v. Barnett*, 139 Wn.2d 462, 469, 987 P.2d 626 (1999). In 1999, however, the legislature amended the community custody provisions to define "crime against a person" by referring to the prosecutorial standards statute. *Id.* at 470-71. The legislative goal of community custody is to protect the public from offenders who have injured or threatened to injure another. *Id.* at 472.

¶9 We must determine whether the definition of "crime against a person" is limited to those crimes specifically listed in RCW 9.94A.411. Our goal in statutory inter-

pretation is to give effect to the legislature's intent. *In re Parentage of J.M.K.*, 155 Wn.2d 374, 387, 119 P.3d 840 (2005). "This is done by considering the statute as a whole, giving effect to all that the legislature has said, and by using related statutes to help identify the legislative intent embodied in the provision in question." *Id.* "Strained, unlikely, or absurd consequences resulting from a literal reading are to be avoided." *Id.*

¶10 Mr. Manier was convicted of attempted second degree assault. "A person is guilty of an attempt to commit a crime if, with intent to commit a specific crime, he or she does any act which is a substantial step toward the commission of that crime." RCW 9A.28.020(1). By statute, an attempt is a lesser included offense of every completed crime. RCW 10.61.003.

¶11 The underlying crime here was second degree assault, a crime against a person. RCW 9.94A.411. The jury necessarily found he took a substantial step toward injuring another person. The State's argument that the nature of the crime does not change simply because it was attempted and not completed is persuasive. Although no anticipatory offenses are listed in RCW 9.94A.411, it is reasonable to conclude attempted second degree assault qualifies as a crime against a person. To assume otherwise would lead to absurd results.

¶12 Attempted second degree assault is indeed a crime against a person. The court did not err by imposing community custody.

¶13 The petition is denied.

SWEENEY, C.J., and KULIK, J., concur.