[No. 24835-6-III.   Division Three.   July 27, 2006.]

*In the Matter of the Postsentence Review of* NICHOLAS DEAN CHILDERS.

38

*Robert M. McKenna, Attorney General,* and *Ronda D. Larson, Assistant,* for petitioner.

*Dennis W. Morgan;* and *Gregory L. Zempel, Prosecuting Attorney,* and *Mark D. McClain, Deputy,* for respondents.

¶1 KATO, J. — The court sentenced Nicholas Childers to 9-18 months' community custody for residential burglary. The Department of Corrections (DOC) contacted all parties asking that the sentence be amended because Mr. Childers was not eligible for community custody. DOC filed this petition when the parties failed to act. We grant the petition and remand for resentencing.

¶2 Mr. Childers pleaded guilty to residential burglary. On October 6, 2005, the court sentenced him to 24 months' confinement and 9-18 months' community custody. Finding Mr. Childers's chemical dependency contributed to the crime, it also ordered a substance abuse evaluation.

¶3 On October 17, 2005, DOC wrote the court, the prosecutor, and defense counsel, stating Mr. Childers was not eligible for community custody. On October 20, the prosecutor responded and disagreed with DOC's position.

¶4 On December 8, the attorney general, on behalf of DOC, requested removal of the community custody provision since residential burglary was an ineligible crime. The prosecutor again disagreed. The attorney general, on behalf of DOC, contacted the court and counsel requesting that the sentence be amended. There being no response, DOC filed this petition.

¶5 The State initially claims DOC should have filed a motion in superior court before filing the petition. Under RCW 9.94A.585(7), DOC has 90 days to file its postsentence petition with the Court of Appeals and it must certify it made reasonable efforts to have the matter resolved at the superior court level. Because DOC was not a party to the original criminal action, it could not bring a motion in superior court. Moreover, it is not required in any event to bring a motion to comply with RCW 9.94A.585(7). *See In re Sentence of Chatman,* 59 Wn. App. 258, 264, 796 P.2d 755 (1990).

¶6 DOC made three attempts to have the sentencing issue resolved at the superior court level. In these circumstances, it made all reasonable efforts to have this matter resolved below. The petition is proper.

¶7 DOC contends the court erred by imposing community custody because it was unwarranted under RCW 9.94A.715(1), which provides that a person sentenced for a sex offense, a violent offense, a crime against a person, or a felony offense under chapter 69.50 or 69.52 RCW shall also be sentenced to a term of community custody. DOC claims

residential burglary does not qualify as one of the four types of offenses.

¶8 This court dealt with a similar argument in *In re Sentence of Jones*, 129 Wn. App. 626, 120 P.3d 84 (2005). There, the relevant statute was RCW 9.94A.545, which authorizes courts to impose community custody for those offenders sentenced to one year or less if the offender is convicted of a sex offense, a violent offense, a crime against a person, or a felony violation of chapter 69.50 or 69.52 RCW. *Jones*, 129 Wn. App. at 629-30. This court held RCW 9.94A.545 was unambiguous and limited the court's authority to impose community custody only to the offenses listed. *Id.* at 630.

¶9 The relevant language in RCW 9.94A.715 and RCW 9.94A.545 is identical. The only difference is that RCW 9.94A.715 applies to all sentences, while RCW 9.94A-.545 applies to sentences of one year or less. Consistent with *Jones*, RCW 9.94A.715 appears similarly clear on its face and unambiguously limits the court's authority to impose community custody to those offenses listed in the statute.

¶10 The question, however, is whether residential burglary is an offense listed in RCW 9.94A.715(1). DOC claims it is not; the State argues it qualifies as a crime against a person.

¶11 RCW 9.94A.715(1) specifically refers to RCW 9.94A.411(2) to define what constitutes a crime against a person. Residential burglary is not listed. "Residential burglary occurs when a person enters or remains unlawfully in a dwelling with intent to commit a crime against persons or property therein." *State v. Douglas*, 128 Wn. App. 555, 567, 116 P.3d 1012 (2005) (citing RCW 9A.52-.025). Because residential burglary is not listed in RCW 9.94A.411, it does not qualify as a crime against a person and thus it cannot be a basis for the court to impose community custody.

¶12 But the State relies on RCW 9.94A.501(2)-(b)(i)(E), which states DOC shall supervise every offender

sentenced to community custody, regardless of the offender's risk category, if the offender's current conviction is for residential burglary. Because DOC must supervise a residential burglary offender who is sentenced to community custody, the State argues the offense must therefore qualify for community custody. We disagree.

¶13 Prior to the 2003 amendments, RCW 9.94A.545 authorized the court to impose community custody in all sentences for felonies when the confinement was less than one year. *Jones*, 129 Wn. App. at 629. The purpose of the 2003 amendment was to move less serious offenders out of the state-funded corrections system. *Id.* at 630-31. Prior to the 2003 amendments, a person who committed residential burglary and was sentenced to one year or less was eligible for community custody. RCW 9.94A.501 simply requires DOC to supervise those who were properly sentenced to community custody prior to the 2003 amendments.

¶14 The court imposes community custody pursuant to RCW 9.94A.710 and RCW 9.94A.715. RCW 9.94A.505(2)(a)(iii). Under RCW 9.94A.715, the court may impose community custody in specific situations, none of which exist here. The court erred by imposing community custody.

¶15 DOC also asserts the court erred by imposing chemical dependency conditions because they require a term of community custody or community supervision. RCW 9.94A.607(1) authorizes the court to impose affirmative conditions such as participation in chemical dependency treatment when it sentences offenders to a term of community custody under RCW 9.94A.545 or any other statute authorizing it. *Jones*, 129 Wn. App. at 631. Conversely, those conditions are not available in sentences for offenders who are not subject to a term of community custody. *Id.* Because Mr. Childers is not subject to a term of community custody, the court erred by imposing the conditions.

¶16 DOC's petition is granted, and the case remanded for resentencing without the community custody and chemical dependency conditions.

SWEENEY, C.J., and KULIK, J., concur.

Reconsideration denied September 28, 2006.