[No. 79432-4. En Banc.]
Argued May 24, 2007.     Decided August 2, 2007.

*In the Matter of the Postsentence Review of* YULANDA LEACH, *Respondent.*

---

Robert M. McKenna, Attorney General, and Ronda Denise Larson, Jay D. Geck, and Gregory J. Rosen, Assistants, for petitioner.

Mark T. Quigley (of Pierce County Department of Assigned Counsel), and Gerald A. Horne, Prosecuting Attorney, and Dione J. Ludlow and Michelle Luna-Green, Deputies, for respondents.

¶1 SANDERS, J. — We must decide whether a court can sentence an offender to community custody for attempted second degree assault of a child. Yulanda Leach was sentenced to about 2 years in prison and between 9 and 18 months' community custody for attempting to assault her 12-year-old son. The Department of Corrections claims Leach cannot be placed on community custody because the statute authorizing community custody refers to "any crime against persons" and attempted assault is not listed as a "Crime Against Persons." The State claims it would create absurd results if we do not consider "attempted assault" as a "Crime Against Persons." The Court of Appeals denied the Department of Corrections' petition for postsentence review, leaving Leach's community custody sentence in place. The Department of Corrections petitioned this court, and we accepted review.

¶2 We agree with the Department of Corrections that we cannot add "attempted assault" or any other offenses to

RCW 9.94A.411(2) as judicial gloss because the statute presents an exhaustive list of "Crimes Against Persons." It is the legislature's purview to decide what one can and cannot be punished for, and for us to do so would usurp its authority.

## FACTS

¶3 On May 11, 2005, Yulanda Leach attacked her 12-year-old son with a tire iron. Police were called and witnesses reported seeing Leach strike and threaten her son, D.L., with the tire iron to get him out of her car. Witnesses saw the boy shielding his face from the weapon while bleeding badly. When someone went to confront Leach, she fled the scene in her vehicle, leaving her son behind. D.L. was transported to the hospital where he told authorities his mother was upset because he had been suspended from school. D.L. said he was hit twice in the shin, once in the mouth, and once in the stomach. Leach pleaded guilty to attempted assault of a child in the second degree. She was sentenced to 23.25 months' confinement and between 9 and 18 months' community custody.

¶4 It is Leach's community custody sentence that is at issue here. The Department of Corrections claims that while Leach could be sentenced to community custody for assault of a child, she cannot be sentenced to community custody for *attempted* assault of a child. This is because RCW 9.94A.715 specifically enumerates the offenses for which a defendant can be sentenced to community custody. One such category is "any crime against persons under RCW 9.94A.411(2)." RCW 9.94A.715(1). And while "Crimes Against Persons" includes assault of a child in the second degree, it does not include any reference to "attempted assault" or any other anticipatory offense, such as solicitation or conspiracy.

¶5 The State, however, claims the list is illustrative. The Court of Appeals, Division Two, agreed, stating, "[a]ttempted second degree assault of a child is a crime against

a person." Order Den. Pet., *In re Postsentence Review of Leach*, No. 34282-1-II, at 2 (Wash. Ct. App. Oct. 6, 2006).[1] But there is tension among lower court decisions. Division Three of the Court of Appeals held a crime not listed under RCW 9.94A.411(2) could not be a crime against a person for purposes of RCW 9.94A.715. *In re Postsentence Review of Childers*, 135 Wn. App. 37, 40, 143 P.3d 831 (2006) ("Because residential burglary is not listed in RCW 9.94A.411, it does not qualify as a crime against a person and thus it cannot be a basis for the court to impose community custody."). But in *In re Postsentence Review of Manier*, 135 Wn. App. 33, 35, 143 P.3d 604 (2006), the same panel of Division Three judges held attempt of a crime listed under RCW 9.94A.411(2) was also a crime against a person because "the nature of the crime, whether against a person or property, does not change simply because the offense was attempted rather than actually committed." In its order denying petition, the court below relied on *Manier*. Now we are asked to determine whether RCW 9.94A.411(2) constitutes an exclusive list of "Crimes Against Persons" for purposes of community custody.

## ANALYSIS

¶6 Statutory construction is a question of law and reviewed de novo. *Cockle v. Dep't of Labor & Indus.*, 142 Wn.2d 801, 807, 16 P.3d 583 (2001). A trial court may impose a sentence that is only authorized by statute. *In re Pers. Restraint of Carle*, 93 Wn.2d 31, 604 P.2d 1293 (1980). And the statute authorizing the superior court to impose a sentence of community custody is RCW 9.94A.715. Specifically, the statute provides:

> When a court sentences a person to the custody of the department for a sex offense not sentenced under RCW 9.94A.712, a violent offense, *any crime against persons under RCW*

---

[1] Decisions on petitions for postsentence review are subject to the review criteria applicable to petitions for review under RAP 13.4(b). *See* RAP 13.5A(a)(2), (b).

*9.94A.411(2)*, or a felony offense under chapter 69.50 or 69.52 RCW, committed on or after July 1, 2000, or when a court sentences a person to a term of confinement of one year or less for a violation of RCW 9A.44.130(10)(a) committed on or after June 7, 2006, the court shall in addition to the other terms of the sentence, sentence the offender to community custody . . . .

RCW 9.94A.715(1) (emphasis added).

¶7 This court applies unambiguous statutes according to their plain language and construes only ambiguous statutes. *State v. Wilson*, 125 Wn.2d 212, 217, 883 P.2d 320 (1994). No construction should be accepted that has "unlikely, absurd, or strained consequences." *State v. Elgin*, 118 Wn.2d 551, 555, 825 P.2d 314 (1992).

a. *"Crimes Against Persons" as defined by RCW 9.94A-.411(2) presents an exclusive list*

¶8 Nothing in RCW 9.94A.411(2) suggests the list is illustrative. Rather it says, plainly, "See table below for the crimes within these categories." RCW 9.94A.411(2)(a). It then lists 47 crimes as "Crimes Against Persons." *Id.* Furthermore, in subsection .411(1), the legislature lists examples of reasons not to prosecute a crime. The language used here is also plain: "The following are examples of reasons not to prosecute which could satisfy the standard." RCW 9.94A.411(1). The list is then entitled, "Examples." *Id.* If the list of "Crimes Against Persons" in subsection .411(2) was meant only to be instructive, the legislature could have similarly said, "The following are examples of crimes against persons."

¶9 We have dealt with illustrative and exhaustive lists before. In *State v. Batista*, 116 Wn.2d 777, 784, 808 P.2d 1141 (1991), we said former RCW 9.94A.390 (2000) (later recodified at RCW 9.94A.535) "is illustrative only" and not "exclusive or exhaustive." This was clear from the statute itself; former RCW 9.94A.390 "sets out 'illustrative factors which the court may consider in the exercise of its discretion to impose an exceptional sentence.'" *Batista*, 116 Wn.2d at 784 (quoting former RCW 9.94A.390). And in

*State v. Taylor*, 97 Wn.2d 724, 727, 649 P.2d 633 (1982), we said RCW 46.63.020 unambiguously "decriminalizes all offenses under RCW Title 46 except those which it enumerates." Because "[t]here is no provision within RCW 46.63.020 for exception of 'similar' or 'like' offenses," we held "[t]he list is apparently meant to be exhaustive."[2] *Id.* Here, too, there is no provision for "similar" or "like" offenses. And nothing in the language of RCW 9.94A.411(2) suggests these 47 crimes are examples meant only to guide a court's thinking. Rather, the legislature plainly meant for these enumerated crimes to be the exclusive and complete list of "Crimes Against Persons," and the list does not include "attempted assault."

*b.  We cannot amend RCW 9.94A.411(2) with additional offenses*

¶10  We cannot amend an exclusive list with other crimes we believe should also be crimes against persons. We have "a long history of restraint in compensating for legislative omissions." *Taylor*, 97 Wn.2d at 728. Indeed we have gone as far as saying, "[t]his court cannot read into a statute that which it may believe the legislature has omitted, be it an intentional or an inadvertent omission." *Jenkins v. Bellingham Mun. Court*, 95 Wn.2d 574, 579, 627 P.2d 1316 (1981). In *Taylor*, we pulled back from this "inflexible rule" and said we cannot add to a statute unless "it is 'imperatively required to make it a rational statute.' " *Taylor*, 97 Wn.2d at 729 (quoting *McKay v. Dep't of Labor & Indus.*, 180 Wash. 191, 194, 39 P.2d 997 (1934)). To do so is a " 'usurpation of legislative power for it results in destruction of the legislative purpose.' " *Id.* at 728 (quoting 2A C. DALLAS SANDS, STATUTES AND STATUTORY CONSTRUCTION § 47.38, at 173 (4th ed. 1973)).

---

[2] We were also persuaded RCW 46.63.020 was exhaustive because the legislature continued to amend the list, suggesting if something new is to be added it is for the legislature to decide. Similarly, the legislature amended RCW 9.94A.411(2) with additional "Crimes Against Persons." In 2006 the legislature amended RCW 9.94A.411(2) to include identity theft as a crime against persons. *See* LAWS OF 2006, ch. 271 (H.B. 1966).

¶11 But both the State and the Court of Appeals, Division Two, claim reading RCW 9.94A.411(2) as exclusive creates absurd results. For example, a defendant convicted of third degree assault would be placed on mandatory community custody while a defendant convicted of attempting a more serious crime would not. *See In re Postsentence Review of Leach*, Order Den. Pet. at 2 n.1. But it is not absurd to treat an "attempted" crime differently from a completed crime. RCW 9.94A.533(2) (stating the standard sentence range for attempt is 75 percent of the completed crime). And the legislature has not excluded all attempts, as anyone guilty of attempting a class A felony will be sentenced to community custody. *See* RCW 9.94A.030(50)(a)(i) (defining a "[v]iolent offense" as "a class A felony or an attempt to commit a class A felony"). This represents the legislature's choice about what crimes should receive what punishment. It is immaterial whether we think it was unwise to omit "attempted assault" as a "Crime Against Persons"; the legislature has the sole power to determine when someone may be punished with community custody and the sole power to make an exhaustive list of "Crimes Against Persons."[3]

¶12 Also, in *Manier* the Court of Appeals reasoned, the "nature of the crime does not change simply because it was attempted and not completed." *Manier*, 135 Wn. App. at 36. This is in error. The legislature separately added "attempt" to certain parts of its sentencing scheme and omitted "attempt" from others. And if we assume any crime listed always implies attempt, then it nullifies this legislative choice.

¶13 For example, in RCW 9.94A.545, the legislature also lists when a defendant must be placed on community

---

[3] Also, during oral argument, the State pressed its argument that RCW 9.94A.411(2) was drafted to provide prosecutorial guidelines, and when considering whether to prosecute "Crimes Against Persons," the prosecutor must also consider "attempt." But what RCW 9.94A.411(2) means in the context of prosecutorial guidelines is not before us. Rather, we address only whether the trial court had statutory authorization to punish Leach with community custody. In the context of sentencing, RCW 9.94A.411(2) is an exclusive list of "Crimes Against Persons" that does not include "attempt."

custody, similar to RCW 9.94A.715.[4] But this statute explicitly includes attempt:

> [O]n all sentences of confinement for one year or less, in which the offender is convicted of a sex offense, a violent offense, a crime against a person under RCW 9.94A.411, or felony violation of chapter 69.50 or 69.52 RCW or *an attempt, conspiracy, or solicitation to commit such a crime*, the court may impose up to one year of community custody.

RCW 9.94A.545 (emphasis added).[5] And in RCW 9.94A-.030(50) the legislature defines a "[v]iolent offense." Specifically, the statute provides a violent offense is "a class A felony or an attempt to commit a class A felony." RCW 9.94A.030(50)(a)(i).[6] Then it lists numerous other crimes including crimes against persons as defined by RCW 9.94A.411(2). If a crime's nature does not change only because it was attempted rather than completed, then it was superfluous for the legislature to specifically list "attempt" for class A felonies and nothing else.

¶14 Because community custody is not authorized by statute, it must be excised from Leach's otherwise valid sentence. *See In re Pers. Restraint of West*, 154 Wn.2d 204, 215, 110 P.3d 1122 (2005) (" '[T]he imposition of an unauthorized sentence does not require vacation of the entire judgment or granting of a new trial. The error is grounds for reversing only the erroneous portion of the sentence im-

---

[4] Leach was not sentenced to community custody under RCW 9.94A.545 because it applies only to confinement sentences of one year or less.

[5] The Department of Corrections argues attempted second degree assault would be included under RCW 9.94A.545. But it is not clear when the legislature says "or an attempt, conspiracy, or solicitation to commit such a crime" whether it refers to the entire list or only to a "felony violation of chapter 69.50 or 69.52 RCW." If attempt applies to the entire list, then it should be its own element in the series and separated by a comma. Thus it seems only attempts to commit a crime as defined by either chapter 69.50 RCW or chapter 69.52 RCW can qualify a defendant for community custody under RCW 9.94A.545.

[6] Similarly a "[s]ex offense" is defined by RCW 9.94A.030(42)(a)(iv) as, among other things, "A felony that is, under chapter 9A.28 RCW, a criminal attempt, criminal solicitation, or criminal conspiracy to commit such crimes." Sex offenses, as well as violent offenses and "Crimes Against Persons," require a community custody sentence.

posed.' " (quoting *State v. Eilts*, 94 Wn.2d 489, 496, 617 P.2d 993 (1980))).

## CONCLUSION

¶15 We hold Yulanda Leach cannot be sentenced to community custody for attempted assault of a child in the second degree because RCW 9.94A.411(2) presents an exhaustive list of "Crimes Against Persons," and we cannot add "attempt" to it.

¶16 The Department of Corrections' petition is granted. We remand the case to the superior court for resentencing without community custody.

ALEXANDER, C.J., and C. JOHNSON, MADSEN, BRIDGE, CHAMBERS, OWENS, FAIRHURST, and J.M. JOHNSON, JJ., concur.