# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46855-7-II |
| Respondent, | |
| v. | |
| DWAYNE AARON MARCUM, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Dwayne Aaron Marcum appeals his convictions for one count each of first degree child rape, first degree child molestation, and sexual exploitation of a minor, and seven counts of first degree possession of a depiction of a minor engaged in sexually explicit conduct. Marcum argues that his guilty plea to these offenses is invalid because it lacked a factual basis. Marcum also argues that the trial court lacked authority to impose a community custody condition requiring him to undergo a chemical dependency evaluation and recommended treatment, as well as a condition prohibiting him from using or possessing any drugs without a prescription. In addition, Marcum challenges the discretionary legal financial obligations (LFOs) that the trial court imposed. Finally, in a pro se statement of additional grounds (SAG), Marcum argues that his convictions of child rape and child molestation violate the prohibition against double jeopardy and that his attorney refused to allow him to plead diminished capacity before his arraignment, requiring him to plead not guilty instead.

Because the amended statement of probable cause on which the trial court relied contains factual information supporting Marcum's charges, his factual basis challenge fails. The record also supports a finding that Marcum's drug use contributed to his offenses. Consequently, the community custody condition requiring him to obtain a chemical dependency evaluation and treatment is crime related and therefore lawfully imposed. The State concedes that the condition barring Marcum from using or possessing any drug without a prescription is overbroad, and we accept the State's concession. Marcum failed to object to the imposition of LFOs during sentencing, so we do not address this issue on appeal. His child rape and child molestation offenses occurred on different dates and do not constitute double jeopardy, and Marcum fails to show that his attorney's pre-arraignment advice entitles him to relief. Accordingly, we affirm the convictions but remand for the sentencing court to address the community custody condition prohibiting all drug use and possession without a prescription in a manner consistent with this opinion.

FACTS

On July 27, 2012, the State charged Marcum with first degree child rape, first degree child molestation, sexual exploitation of a minor, and first degree possession of a depiction of minor engaged in sexually explicit conduct. The probable cause statement explained that Detective Kori Malone had interviewed Marcum about a digital camera and flash drive found in the woods. Marcum said that the camera looked like one that was missing from his apartment and admitted that he had possessed the flash drive for several years.

Marcum explained that the flash drive contained "child pornography," including two photographs of him with his mouth against a child's vagina. Clerk's Papers (CP) at 105. Detective

2

Malone viewed the video and pictures on the flash drive, and she provided descriptions of content that supported the existing and additional charges.

On October 19, the State filed an amended information that clarified the original four counts while adding six counts of first degree possession of a depiction of a minor engaged in sexually explicit conduct and four counts of second degree possession of a depiction of a minor engaged in sexually explicit conduct. The State dismissed the latter four counts after Marcum agreed to plead guilty to the initial ten counts: first degree child rape, first degree child molestation, sexual exploitation of a minor, and seven counts of first degree possession of a depiction of a minor engaged in sexually explicit conduct.

Marcum entered an *Alford* plea,[1] and the trial court relied on the probable cause statement to find a factual basis for his plea. Before sentencing, Marcum moved to withdraw his plea. In a supporting declaration, Marcum argued that he was not given the opportunity to review the entire discovery before he pleaded guilty and that he had not understood the significance of his indeterminate sentence, including the possibility that he could spend the rest of his life in prison. The trial court heard argument, took the matter under advisement, and issued a written ruling denying the motion.

At sentencing, the trial court imposed a term of 300 months in custody and several community custody conditions, including a list of conditions recommended in the presentence investigation (PSI) report. One condition from the report required Marcum to "abstain from the

---

[1] An *Alford* plea allows a defendant to plead guilty to take advantage of a plea bargain even if he is unable or unwilling to admit guilt. *State v. Newton*, 87 Wn.2d 363, 372, 552 P.2d 682 (1976) (citing *N. Carolina v. Alford*, 400 U.S. 25, 31, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970)).

possession or use of drugs and drug paraphernalia unless prescribed by a medical professional," and to provide copies of all prescriptions to his community corrections officer (CCO) within 72 hours. CP at 22. Another condition from the PSI report required Marcum to obtain a chemical dependency evaluation and to complete any recommended treatment. The trial court also imposed discretionary LFOs of $717.40 for defense costs and "jail incidentals" to which Marcum did not object. CP at 15.

On appeal, Marcum challenges his guilty plea, the two community custody conditions described above, and the discretionary LFOs imposed.[2]

## ANALYSIS

### A. FACTUAL BASIS

Marcum argues that his guilty plea is invalid because it fails to establish a factual basis for any of the charges. He adds that his plea was involuntary because the State did not present any facts to establish a lawful basis for each count.

The State responds that Marcum cannot raise this issue for the first time on appeal because the requirement in CrR 4.2(d) that there be a factual basis for a plea is a procedural rather than constitutional requirement. *See* RAP 2.5(a)(3) (party may raise manifest error affecting constitutional right for first time on appeal); *In re Pers. Restraint of Hews*, 108 Wn.2d 579, 592 n.2, 741 P.2d 983 (1987) (establishment of factual basis is procedurally required). Although

---

[2] Appellant purports to appeal "the court's denial of his motion to withdraw his guilty plea and every part of his judgment and sentence." Br. of Appellant at 4. However, Marcum only assigns error to and provides argument on the issues addressed in this opinion. Therefore, to the extent there are any other issues Marcum intended to challenge with his broad statement, we do not address them. RAP 10.3(a)(6); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

Marcum did not specifically challenge the factual basis of his plea in his motion to withdraw, he did complain that his attorney had not provided him with a review of the facts sufficient to allow him to make an informed decision about a guilty plea. Even if this assertion is not sufficient to preserve Marcum's factual basis challenge, we may address this challenge for the first time on appeal because of its constitutional implications. *Hews*, 108 Wn.2d at 592.

Constitutional due process requires that a defendant's guilty plea must be knowing, intelligent, and voluntary. *State v. Codiga*, 162 Wn.2d 912, 922, 175 P.3d 1082 (2008). A guilty plea is not truly voluntary unless the defendant knows the elements of the offense and understands how his conduct satisfies those elements. *State v. R.L.D.*, 132 Wn. App. 699, 705, 133 P.3d 505 (2006). An inadequate factual basis may affect this understanding. *In re Pers. Restraint of Clements*, 125 Wn. App. 634, 645, 106 P.3d 244, *review denied*, 154 Wn.2d 1020, *cert. denied*, 546 U.S. 1039 (2005). Thus, the requirement of a factual basis is constitutionally significant insofar as it relates to the voluntariness of Marcum's plea. *Hews*, 108 Wn.2d at 592.

A trial court's determination that a factual basis exists for the plea does not require that the court be convinced of a defendant's guilt beyond a reasonable doubt, but only that sufficient evidence exists to sustain a jury finding of guilt. *State v. Newton*, 87 Wn.2d 363, 370, 552 P.2d 682 (1976); *State v. Amos*, 147 Wn. App. 217, 228, 195 P.3d 564 (2008), *abrogated sub silentio on other grounds*, *State v. Hughes*, 166 Wn.2d 675, 212 P.3d 558 (2009). In determining factual basis, the trial court may consider any reliable source as long as it is in the record. *Amos*, 147 Wn. App. at 228; *In re Pers. Restraint of Fuamaila*, 131 Wn. App. 908, 924, 131 P.3d 318 (2006).

1.     First Degree Rape of a Child

First degree rape of a child requires proof that the defendant had sexual intercourse with a child under 12 years of age who was not married to the defendant, and that the defendant was more than 24 months older than the victim. RCW 9A.44.073(1). RCW 9A.44.010(1) defines sexual intercourse as any penetration and as "any act of sexual contact between persons involving the sex organs of one person and the mouth or anus of another." RCW 9A.44.010(1)(a), (c).

Marcum argues that the probable cause statement provided an inadequate factual basis for the child rape charge because it did not contain any facts showing that he committed the required conduct with a child younger than 12 years of age. The probable cause statement explains that the child rape charge is supported by a video showing Marcum licking the vagina and anus of a female child of approximately two years of age. It provides an adequate factual basis for the child rape charge.

2.     First Degree Child Molestation

Child molestation in the first degree requires proof of sexual contact with a person less than 12 years of age who is not married to the defendant and is at least 36 months younger than the defendant. RCW 9A.44.083(1). "'Sexual contact' means any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party or a third party." RCW 9A.44.010(2).

Marcum argues that the probable cause statement does not show that the molestation victim was younger than 12 years of age. The probable cause statement explains that the child molestation charge is supported by photographs of Marcum licking the vagina and anus of a female child who is approximately two or three years old. The statement explains that Marcum is dressed differently

than he was in the video supporting the rape charge and that the dates of the photographs and video are different. The probable cause statement provides an adequate factual basis for the molestation charge.

        3.      Sexual Exploitation of a Minor

A person is guilty of sexual exploitation of a minor if he caused a person under 18 years of age to engage in sexually explicit conduct, knowing that such conduct would be photographed. RCW 9.68A.040(1)(b); RCW 9.68A.011(5). "Sexually explicit conduct" means actual or simulated:

> (a) Sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex or between humans and animals;
> (b) Penetration of the vagina or rectum by any object;
> (c) Masturbation;
> (d) Sadomasochistic abuse;
> (e) Defecation or urination for the purpose of sexual stimulation of the viewer;
> (f) Depiction of the genitals or unclothed pubic or rectal areas of any minor, or the unclothed breast of a female minor, for the purpose of sexual stimulation of the viewer. For the purposes of this subsection (4)(f), it is not necessary that the minor know that he or she is participating in the described conduct, or any aspect of it; and
> (g) Touching of a person's clothed or unclothed genitals, pubic area, buttocks, or breast area for the purpose of sexual stimulation of the viewer.

RCW 9.68A.011(4).

Marcum argues that the probable cause statement does not show that he engaged in sexually explicit conduct with a child under age 18 with the knowledge that the conduct would be photographed. The probable cause statement identifies him as the adult photographed with a two-to-three-year-old child. Marcum admitted that the flash drive was his. The statement adds that

close-up photographs show Marcum's tongue extended and visible. This is sufficient evidence of the victim's age and of the fact that Marcum knew his conduct with her was being photographed.

4. First Degree Possession of a Depiction of a Minor Engaged in Sexually Explicit Conduct

This offense requires proof that the defendant knowingly possessed visual or printed matter depicting a minor engaged in sexually explicit conduct as defined in RCW 9.68A.011(4)(a) through (e). RCW 9.68A.070(1)(a). (A second degree charge requires proof that the minor engaged in sexually explicit conduct as defined in RCW 9.68A.011(4)(f) or (g). RCW 9.68A.070(2)(a).)

Marcum argues that there was no evidence that he possessed photographs of minors engaged in sexually explicit conduct sufficient to prove six counts of first degree possession of a depiction of a minor engaged in sexually explicit conduct. Marcum pleaded guilty to seven counts of this offense. The probable cause statement explains that videos and photographs on the flash drive show Marcum and "an adult male" having sexual intercourse with a female child of two to three years of age. The statement refers to six different files containing such videos and photographs and adds that other images and videos on the flash drive appear to depict child pornography. Marcum admitted possessing the flash drive and acknowledged that it contained child pornography. The probable cause statement is sufficient to establish the factual basis for seven counts of first degree possession of a depiction of a minor engaged in sexually explicit conduct. Marcum's challenge to his guilty plea fails.

B.    COMMUNITY CUSTODY CONDITIONS

Marcum challenges two of his community custody conditions. He contends that the trial court exceeded its statutory authority in imposing the chemical dependency evaluation and

8

treatment condition, as well as the condition restricting his use or possession of any drug without a prescription.

A trial court lacks authority to impose a community custody condition unless the legislature has authorized it. *State v. Kolesnik*, 146 Wn. App. 790, 806, 192 P.3d 937 (2008), *review denied*, 165 Wn.2d 1050 (2009). Although Marcum did not object during sentencing to the conditions he now challenges, an unlawful community custody condition may be challenged for the first time on appeal. *State v. Warnock*, 174 Wn. App. 608, 611, 299 P.3d 1173 (2013). Because Marcum's claim involves construction of the Sentencing Reform Act of 1981 (SRA), chapter 9.94A. RCW, our review is de novo. *Warnock*, 174 Wn. App. 611.

1.      Condition Requiring Chemical Dependency Evaluation and Treatment

Marcum challenges the community custody condition requiring him to "obtain a chemical dependency evaluation and enter into, comply with and successfully complete any treatment program recommended therefrom." CP at 22. RCW 9.94A.703 authorizes trial courts to require an offender to participate in crime-related treatment or counseling services as a condition of community custody and to participate in "rehabilitative programs or otherwise perform affirmative conduct reasonably related to the circumstances of the offense, the offender's risk of reoffending, or the safety of the community." RCW 9.94A.703(3)(c), (d).

The SRA specifically authorizes trial courts to order an offender to obtain a chemical dependency evaluation and to comply with recommended treatment if it finds that the offender has a chemical dependency that contributed to the offense:

> Where the court finds that the offender has any chemical dependency that has contributed to his or her offense, the court may, as a condition of the sentence and subject to available resources, order the offender to participate in rehabilitative

> programs or otherwise to perform affirmative conduct reasonably related to the circumstances of the crime for which the offender has been convicted and reasonably necessary or beneficial to the offender and the community in rehabilitating the offender.

RCW 9.94A.607(1).[3]  An express finding that the defendant had a chemical dependency that contributed to the offense is not required as long as the record supports such a finding.  *State v. Powell*, 139 Wn. App. 808, 819, 162 P.3d 1180 (2007), *rev'd on other grounds*, 166 Wn.2d 73, 206 P.3d 321 (2009).

The trial court did not check the box in Marcum's judgment and sentence stating that his chemical dependency contributed to his offenses.  Nor did the trial court refer to Marcum's drug use during sentencing.  But the record contains considerable support for a finding that Marcum's drug use contributed to his offenses.  In a letter to the trial court supporting his motion to withdraw his plea, Marcum admitted that he was under the influence of drugs and alcohol at the time of his offenses.  The probable cause statement reveals that he told the investigating detective that he was "very 'high'" when the photographs at issue were taken.  CP at 105.  The PSI report contains several references to Marcum's drug use, including his statements that (1) he was so high on drugs he didn't remember his offenses, (2) he was taking handfuls of drugs at the time, (3) he had been using drugs regularly since the seventh grade, (4) he loved hallucinogens, including Ecstasy, which

---

[3] The State argues that this statute does not apply to Marcum because he was sentenced to a term of total confinement.  As support, it cites former RCW 9.94A.607(2), which provides that the statute applies "to sentences which include any term other than, or in addition to, a term of total confinement, including suspended sentences."  Because the trial court imposed a term of community custody as well as one of total confinement, RCW 9.94A.607 applies to Marcum.  *See In re Postsentence Review of Childers*, 135 Wn. App. 37, 41, 143 P.3d 831 (2006) (RCW 9.94A.607(1) authorizes court to impose affirmative conditions such as participation in chemical dependency treatment when it sentences offender to term of community custody).

promoted hypersexualization in him, and (5) he was using methamphetamine and intravenous bath salts at the time of his offenses. CP 78-79, 83. The trial court did not exceed its statutory authority by requiring Marcum to undergo a chemical dependency evaluation and treatment as a condition of community custody.

2. Condition Restricting the Possession or Use of Drugs Without a Prescription

Marcum also challenges the condition requiring him to "abstain from the possession or use of drugs and drug paraphernalia unless prescribed by a medical professional" and to provide copies of all prescriptions to his CCO within 72 hours. CP at 22. The State concedes that this condition is overbroad, as it prohibits Marcum from using or possessing over-the-counter drugs without a prescription.[4] We accept the State's concession. On remand, the sentencing court should address the challenged community condition by striking the condition or modifying the condition to require Marcum to "abstain from the possession or use of controlled substances unless prescribed by a medical professional and to provide copies of all prescriptions to his CCO within 72 hours."

C.     LFOs

Marcum argues that the trial court erred in imposing discretionary LFOs for defense and jail costs without considering his ability to pay.[5] Marcum contends that he may challenge the assessment of these obligations for the first time on appeal.

---

[4] Marcum's judgment and sentence has an additional community custody condition prohibiting him from consuming controlled substances except pursuant to lawfully issued prescriptions. This condition is mandatory unless waived. RCW 9.94A.703(2)(c). This community custody condition has not been challenged and is not an issue in this appeal.

[5] Marcum does not challenge the $800 imposed for mandatory LFOs. *See State v. Lundy*, 176 Wn. App. 96, 102, 308 P.3d 755 (2013) (legislature has divested courts of discretion to consider defendant's ability to pay when imposing mandatory LFOs).

Marcum's judgment and sentence states that the trial court considered his ability to pay the LFOs imposed. Marcum did not challenge this language or his LFOs during sentencing, so he may not do so on appeal. *State v. Lyle*, 188 Wn. App. 848, 850, 355 P.3d 327 (2015) (citing *State v. Blazina*, 174 Wn. App. 906, 301 P.3d 492 (2013), *remanded*, 182 Wn.2d 827, 344 P.3d 680 (2015) (affirming Court of Appeals' exercise of discretion to refuse to address issue raised for the first time on appeal, but exercising its own discretion to reach the issue and remand to trial court for further proceedings). Our decision in *Blazina*, issued before Marcum's sentencing, provided notice that the failure to object to LFOs during sentencing waives a related claim of error on appeal. 174 Wn. App. at 911. As our Supreme Court noted, an appellate court may use its discretion to reach unpreserved claims of error. *Blazina*, 182 Wn.2d at 830. We decline to exercise such discretion here.

D.      SAG

Marcum raises two additional issues in his SAG. The first alleges that his child rape and child molestation convictions violate his right to be free from double jeopardy.

The double jeopardy clauses of the Fifth Amendment to the United States Constitution and article I, section 9 of the Washington Constitution prohibit the imposition of multiple punishments for a single offense. *State v. French*, 157 Wn.2d 593, 612, 141 P.3d 54 (2006). Because the conduct supporting the rape and molestation convictions occurred on separate days, Marcum was not punished twice for a single offense. *See State v. Fuentes*, 179 Wn.2d 808, 825, 318 P.3d 257 (2014) (prosecution for separate acts of child rape and child molestation did not constitute double jeopardy).

No. 46855-7-II

Marcum also asserts that his attorney refused to allow him to plead diminished capacity before his arraignment and instead required him to enter a plea of not guilty. Marcum does not explain why this advice was either faulty or of consequence, given his subsequent decision to plead guilty. We need not discuss this issue further.

We affirm the convictions and remand for the sentencing court to address the community custody condition prohibiting all drug use and possession without a prescription in a manner consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Worswick, J.

Johanson, C.J.

13