IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON | ) | No. 79873-1-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN MATTHEW LAIR, | ) | |
| | ) | UNPUBLISHED OPINION |
| Appellant. | ) | |
| | ) | FILED: December 23, 2019 |

PER CURIAM — John Lair appeals the term of supervised probation imposed following his guilty plea to attempted voyeurism. He contends, and the State concedes, that the sentencing court lacked authority to impose DOC supervision for attempted voyeurism. See RCW 9.94A.501(1) and (6); In re Childers, 135 Wn. App. 37, 40-41, 143 P.3d 831 (2006). In its concession, the State adds that "[p]er the judgment and sentence, the term of supervised probation should be converted to unsupervised probation." In his reply, Lair accepts the State's concession.

Lair also requests remission or a refund of any funds DOC collected from him in relation to the unauthorized supervision. See RCW 9.94A.780. Lair is entitled to be placed in the same position he would have been in had the error in his sentence not occurred. State v. Smissaert, 103 Wn.2d 636, 638, 694 P.2d 654 (1985).

We accept the State's concession and remand with directions to convert the term of DOC supervised probation to unsupervised probation and to order DOC to refund any funds collected from Lair for supervision intake, monthly supervision fees, or any other funds related to the term of unauthorized supervision.

FOR THE COURT: