IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of:<br><br>the Postsentence Review of:<br><br>ARTHUR SEAN LONGWORTH,<br><br><br><br>Respondent. | No. 84018-5-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

DÍAZ, J. — In 1986, a court sentenced petitioner to life in prison without the possibility of parole (LWOP) following his conviction for aggravated murder in the first degree. He was 20 years old. Following Matter of Monschke, 197 Wn.2d 305, 307, 482 P.3d 276 (2021), which prohibited LWOP for 19- and 20-year-olds, the court resentenced Longworth and included a term of community custody. The Department of Corrections (DOC) asks us to reverse the court's refusal to strike that condition, which all parties now agree is appropriate. We agree with DOC, grant the postsentence petition (PSP), and decline to reach any further issues.

<u>BACKGROUND</u>

On February 15, 1985, Arthur Longworth killed 25-year-old Cynthia Nelson. State v. Longworth, 52 Wn. App. 453, 455, 468, 761 P.2d 67 (1988). A jury convicted Longworth of aggravated murder in the first degree and the trial court sentenced him to LWOP. Longworth, 52 Wn. App. at 459.

In 2021, our Supreme Court decided Monschke, which extended the prohibition against mandatory LWOP for juvenile offenders to 19- and 20-year-old offenders sentenced under RCW 10.95.030. 197 Wn.2d at 306-307. Because such a sentence was imposed on Longworth when he was 20 years old,[1] he is a member of the "Monschke class."

On February 15 2022, the trial court resentenced Longworth pursuant to Monschke. The court imposed a term of 360 months confinement, which Longworth had already served, and added 60 months of community custody. Longworth was then released onto community custody.

Shortly after the imposition of Longworth's new sentence, DOC contacted the State and Longworth's counsel via email, advising that the sentence needed correction or clarification, and specifically asking the parties to jointly move the court to strike the condition of community custody because, at the time Longworth was originally sentenced, aggravated murder in the first degree was ineligible for community custody. Neither party acted on the email from DOC. DOC then filed its PSP in the sentencing court to correct the judgment and sentence. At the hearing on the PSP, the court heard argument from DOC, Longworth, and the deputy prosecutor on behalf of the State. The court denied the PSP and left the

---

[1] The parties agree Longworth was 20 years old at the time of the offense, though his birth date is redacted and does not appear in the record.

condition of community custody in place. DOC then filed this postsentence review (PSR),[2] to which all parties responded.[3]

ANALYSIS

Inquiries of compliance with the Sentencing Reform Act[4] (SRA) are questions of law, which we review de novo. In re Combs, 176 Wn. App. 112, 116, 308 P.3d 763 (2013).

A trial court may only impose a sentence that is authorized by the state legislature, and this restriction includes sentences with terms of community custody. Postsentence Review of Leach, 161 Wn.2d 180, 184, 163 P.3d 782 (2007).

In Leach, the court sentenced Leach to confinement and a term of community custody for the attempted assault of a child. Id. at 183. The DOC filed a PSP, arguing the community custody term was improper because, under the statute Leach was sentenced, "crimes at issue" did not include *attempted* assault

---

[2] DOC asked this court to stay consideration of the petition until July 1, 2023, in the event "Monschke-fix" legislation passed during the 2023 legislative session might have clarified the sentencing court's authority. This court denied the motion and requested additional briefing. However, no relevant statutory changes occurred, and the parties have indicated their readiness to proceed. See Ruling Den. Stay, Postsentence Petition of Longworth, No. 84018-5-I, at 1, (Wash. Ct. App. Feb. 17, 2023)

[3] On August 25, 2022, Longworth filed a motion for permission to file a reply to the State's Response. That motion is granted.

[4] Ch. 9.94A RCW.

of a child, but just assault of a child. Id. at 183-184. Our Supreme Court, on de novo review, held that the plain text of the statute represented an *exclusive* list of categories of crime for which community custody could be ordered. Id. at 184-185. Attempted assault was excluded from that list. Id. at 187. The Court declined to construe the list more generously because "[t]o do so is a 'usurpation of legislative power for its results in destruction of the legislative purpose.'" Id. at 186 (quoting State v. Taylor, 97 Wn.2d 724, 728, 649 P.2d 633 (1982)).

Longworth committed aggravated murder in the first degree on February 15, 1985. Longworth, 52 Wn. App. at 459. At the time, the SRA did not authorize community custody for Longworth's offense, but only for certain non-violent offenses. Former RCW 9.94A.120(5)-(7) (1984).[5] In other words, at the time of his original sentence, Longworth was not eligible for community custody under any of those provisions. Id.

Moreover, while our Supreme Court has expanded constitutional protections for youthful offenders, such expansions have not affected the sentencing structures in place at the time of Longworth's original sentence. For example, in State v. Houston-Sconiers, the Court held that "trial courts must

---

[5] An archived version of former RCW 9.94A.120(5)-(7) is available here: https://leg.wa.gov/CodeReviser/RCWArchive/Documents/1984/1984pt1.pdf. The statutes in effect before the 1984 amendment to the Sentencing Reform Act are available here: https://leg.wa.gov/CodeReviser/RCWArchive/Documents/1983/Vol1.pdf.

consider mitigating qualities of youth at sentencing and must have discretion to impose any sentence below the otherwise applicable SRA range and/or sentence enhancements." 188 Wn.2d 1, 21, 391 P.3d 409 (2017). However, cases later interpreting Houston-Sconiers have not granted courts authority to impose community custody unless expressly authorized. See, e.g., State v. Bacon, 190 Wn.2d 458, 467, 415 P.3d 207 (2018) (Houston-Sconiers did not authorize juvenile courts to suspend dispositions, and that the legislature must authorize such).

Monschke, and the case upon which it is based, State v. Bassett, 192 Wn.2d 67, 91, 428 P.3d 343 (2018), are similarly silent. Neither grant, even if they could, the trial court authority to impose community custody. In short, there is no authority to deviate from our Supreme Court's holding that the legislature has retained its sole power to determine when someone may be sentenced to community custody. Leach, 161 Wn.2d at 187.

The parties each acknowledge that the new 60-month community custody term should be stricken, but disagree on the appropriate scope of this court's review.[6] In particular, the State asks this court to vacate Longworth's entire

---

[6] According to the clerk's minutes (attached as exhibit 5 to the PSP), the resentencing court stated that it had "absolute discretion" to sentence Longworth to a term of community custody because it had the underlying authority to sentence Longworth to life. The court said it would be "unfathomable" to resentence a defendant, who has been convicted of aggravated murder, to almost immediate release and no supervision. Again, however, a trial court may only impose a sentence authorized by this state's legislature. See, e.g., Leach, 161 Wn.2d at

5

sentence and remand this matter for entry of a new sentence that complies with the current sentencing statutes.

As DOC notes, it did not assign error to Longworth's term of confinement in its PSP. As Longworth notes, the State had the opportunity to appeal this sentence, but chose not to do so. They are both correct.

RCW 9.94A.585(7) creates a unique action to resolve the conundrum DOC faces when it discovers an error in the judgment and sentence. Sentence of Chatman, 59 Wn. App. 258, 264, 796 P.2d 755 (1990) (analyzing former RCW 9.94A.210). There is no language in the statute allows the defendant or the State to file a postsentence petition or, in one filed by DOC, to seek affirmative relief in response to a postsentence petition.

Moreover, a party "may not raise a new issue in response to a postsentence review petition." Postsentence Review of Bercier, 178 Wn. App. 148, 151, 313 P.3d 491 (2013); see also Wandell v. State, 175 Wn. App. 447, 452-53, 311 P.3d 28 (2013) (refusing to consider a constitutional challenge made in response to a postsentence petition because the argument was not raised on direct appeal or collateral attack); RAP 16.18(d)(5) (providing that DOC is to identify the "error of law at issue.").

_____

186.

Here, DOC limited its postsentence petition to a single legal error concerning a term of community custody not authorized by statute. We therefore decline to address the other issues raised by the State that exceed this narrow issue of whether Longworth's 60-month term of community custody should stand.

## CONCLUSION

We grant the petition and remand for the court to strike the term of community custody from the judgment and sentence.

Díaz, J.

WE CONCUR:

Bruman, J.

Haleh, ACJ