Madsen, J.
Owens, J.
Stephens, J.
Wiggins, J.
Gordon McCloud, J.
González, J. (dissenting)
¶ 20 RCW 9.41.040(4)(a)(ii)(A) unambiguously sets forth the prerequisites for the restoration of one's firearm rights. One of those prerequisites is that the petitioner must be crime-free for at least five years at the time of petition. The majority concludes that a person previously convicted of a felony may successfully petition for the restoration of their firearm rights, even if they have had a new conviction in the last five years, so long as they were crime-free for five years at some point in the past. This reading of the statute is not what the people intended in *950 proposing, or the legislature intended in passing, the Hard Time for Armed Crime Act, LAWS OF 1995, ch. 129. Therefore, I respectfully dissent.
¶ 21 In Washington, a person convicted of a felony loses the right to possess firearms. RCW 9.41.040. However, with some exceptions, the right can be restored. RCW 9.41.040(4). In relevant part, the statute sets forth the criteria as follows:
An individual may petition a court of record to have his or her right to possess a firearm restored ...
[i]f the conviction or finding of not guilty by reason of insanity was for a felony offense, after five or more consecutive years in the community without being convicted or found not guilty by reason of insanity or currently charged with any felony, gross misdemeanor, or misdemeanor crimes, if the individual has no prior felony convictions that prohibit the possession of a firearm counted as part of the offender score under RCW 9.94A.525.
RCW 9.41.040(4)(b), (4)(a)(ii)(A) (emphasis added). Once the person satisfies the statutory criteria, the trial court acts in a ministerial capacity and without discretion in approving the petition. State v . Swanson, 116 Wash. App. 67, 78, 65 P.3d 343 (2003).
¶ 22 I agree with the majority that this statute is unambiguous. But I disagree with the interpretation the majority derives from this unambiguous statute. When construing an unambiguous statute, "we will give effect to the plain meaning of the statutory language." In re Marriage of Schneider, 173 Wash.2d 353, 363, 268 P.3d 215 (2011) ; see also State v. Vela, 100 Wash.2d 636, 641, 673 P.2d 185 (1983) ; State v . Larson, 184 Wash.2d 843, 851, 365 P.3d 740 (2015).
¶ 23 Here, Dennis was convicted of assault in the third degree, robbery in the second degree, and two violations of the Uniform Controlled Substances Act, ch. 69.50 RCW (none of which permanently disqualify him). Because of these convictions, Dennis lost his right to possess firearms. He had the opportunity to restore that right. Dennis remained crime-free for 16 years following his last conviction in 1998, but, in 2014, two years before petitioning for the restoration of his firearm rights, Dennis was convicted of first degree negligent driving-a misdemeanor.
¶ 24 Under the majority's interpretation, Dennis would be prohibited from petitioning to restore his firearm rights while charged, but not after conviction because first degree negligent driving is a misdemeanor. Majority at 948 ("[T]he provision's plain language states that an offender may not petition while a charge is pending, nothing more."); id. at 949 ("[A] simple misdemeanor conviction does not prevent restoration of firearm rights."). Yet, the statute clearly dictates that a person may petition
after five or more consecutive years in the community without [ (1) ] being convicted [,] or [ (2) ] found not guilty by reason of insanity [,] or [ (3) ] currently charged with any felony, gross misdemeanor, or misdemeanor crimes.
RCW 9.41.040(4)(ii)(A) (emphasis added). A person whose firearm rights have been lost because of a felony conviction and who is later convicted for a crime that itself typically does not result in the loss of firearm rights (for example, misdemeanor negligent driving) remains barred from restoring their right to possess a firearm. The new conviction restarts the clock.
¶ 25 This was clearly intended, considering the provision's context. Columbia Riverkeeper v. Port of Vancouver USA, 188 Wash.2d 421, 440, 395 P.3d 1031 (2017) ("Plain language analysis also looks to amendments to the statute's language over time." (citing Dep't of Ecology v . Campbell & Gwinn, LLC, 146 Wash.2d 1, 10-11, 43 P.3d 4 (2002) ) ). The restoration provision at issue was included in the Hard Time for Armed Crime Act, which enhanced sentencing to "sufficiently stigmatize the carrying and use of deadly weapons by criminals." LAWS OF 1995, ch. 129, § 1(c). Before 1995, the only people eligible for restoration were those who lost their rights to possess firearms because they were convicted of three or more DWIs (driving while intoxicated) in five years, and those who had been involuntarily committed. LAWS OF 1994, 1st Spec. Sess., ch. 7, § 404(2), (3), (4)(a)(i). In addition, before 1995, the law did "not provide similar procedures for the other *951 classes of people who are subject to unlawful possession of a firearm." H.B. REP. ON INITIATIVE 159, at 2, 54th Leg., Reg. Sess. (Wash. 1995). Thus, it is highly unlikely, given this history, that the people intended to prevent someone from possessing a firearm while a misdemeanor charge was pending, but then allow that the same person to obtain a firearm following a conviction.
¶ 26 The majority spends a considerable amount of time parsing out the statutory meaning of "or more." The phrase "or more" simply denotes that an offender must be crime-free for a minimum of five years in order to petition for restoration. RCW 9.41.040(4) requires no involvement in criminal activity at for least five years, while recognizing the petitioner may have more than five crime-free years at the time of petition. Dennis remained crime-free for at least five years before being convicted again in 2014. Once Dennis was charged and convicted, the clock restarted. Dennis is eligible to petition for the restoration of his firearm rights five years after his 2014 conviction, which, if he remains crime-free, is next year. RCW 9.41.040(4) places the responsibility on the defendant to petition for the restoration of their firearm rights. Here, Dennis' opportunity to restore his right lapsed because of his own criminal behavior.
¶ 27 Because the majority would restore Dennis' firearm rights sooner than the people intended, I respectfully dissent.
Fairhurst, C.J.
Yu, J.