# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the<br>Postsentence Review of<br><br>MICHAEL PAUL THOMPSON,<br><br>                Respondent, | No. 50767-6-II<br>Consolidated with |
| In the Matter of the<br>Postsentence Review of<br><br>RICKY LEON CARROLL,<br><br>                Respondent. | No. 51685-3-II<br><br>PUBLISHED OPINION |

MAXA, C.J. – In this consolidated case, the Department of Corrections (DOC) seeks postsentence review of the sentences of Michael Thompson and Ricky Carroll. Thompson and Carroll both pleaded guilty in Clark County to charges of attempted failure to register as a sex offender, and both were sentenced to terms of community custody in addition to terms of confinement. DOC argues that community custody is not an authorized sentence for this offense.

Under RCW 9.94A.701(1)(a), the sentence of an offender who commits a "sex offense" must include community custody. RCW 9.94A.030(47)(a)(v) defines "sex offense" to include the completed crime of failure to register as a sex offender. The question here is whether *attempted* failure to register falls within the definition of "sex offense."

We hold that based on all of the provisions of RCW 9.94A.030(47)(a), attempted failure to register as a sex offender is not a sex offense. Accordingly, we remand the Thompson and Carroll cases to the superior court with instructions to strike the community custody provisions of their sentences.

FACTS

As part of plea agreements, the State in separate cases charged Thompson and Carroll with attempted failure to register as a sex offender. Thompson and Carroll both pleaded guilty. The judgments cited RCW 9A.44.132(1), the offense of failure to register as a sex offender, and RCW 9A.28.020(3)(c), the criminal attempt statute. The superior court sentenced both Thompson and Carroll to confinement and community custody.

DOC petitioned this court for postsentence review based on its position that attempted failure to register as a sex offender does not qualify for community custody under RCW 9.94A.701. DOC certified that it had made all reasonable efforts to resolve the issue at the superior court level but could not reach an agreement with the State.

ANALYSIS

A.      POSTSENTENCE REVIEW PROCEDURE

RCW 9.94A.585(7) authorizes DOC to petition for review of a sentence committing an offender to DOC's custody or jurisdiction. The petition must be filed in the Court of Appeals no later than 90 days after DOC has actual knowledge of the sentence terms and must include DOC's certification that all reasonable efforts had been made to resolve the issue at the superior court level. RCW 9.94A.585(7).

We review DOC's petition for postsentence review of the trial court's sentence for legal error. RCW 9.94A.585(7); *In re Postsentence Rev. of Bercier*, 178 Wn. App. 148, 150, 313 P.3d 491 (2013). The superior court can only impose a sentence that is authorized by statute. *In re Postsentence Rev. of Leach*, 161 Wn.2d 180, 184, 163 P.3d 782 (2007). This rule applies even if the sentence is imposed pursuant to a plea agreement. *State v. Barber*, 170 Wn.2d 854, 870, 248 P.3d 494 (2011). Whether the trial court exceeded its statutory authority in issuing a particular

sentence is a question of law that we review de novo. *State v. Button*, 184 Wn. App. 442, 446, 339 P.3d 182 (2014).

B.    ELIGIBILITY OF ATTEMPTED FAILURE TO REGISTER FOR COMMUNITY CUSTODY

DOC argues that RCW 9.94A.701(1)(a) does not authorize community custody for attempted failure to register as a sex offender because that crime is not a "sex offense" under RCW 9.94A.030(47)(a). The State argues that attempted failure to register falls within the statutory definition of "sex offense." We agree with DOC.

1.    Statutory Interpretation

Determining whether attempted failure to register as a sex offender is a sex offense requires us to engage in statutory interpretation. The purpose of statutory interpretation is to give effect to the legislature's intent. *State v. Dennis*, 191 Wn.2d 169, 172, 421 P.3d 944 (2018). We determine the legislature's intent by examining the plain language of the statute, the context of the statute and related provisions, and the statutory scheme as a whole. *Id.* at 172-73. We must interpret a statute so that no portion of the statutory language is rendered superfluous. *Id.* at 173.

2.    Applicable Statutes

a.    Attempted Failure to Register as a Sex Offender

RCW 9A.44.132 defines the crime of failure to register as a sex offender. The crime is a class B felony if a person has been convicted of felony failure to register on two or more prior occasions. RCW 9A.44.132(1)(b).

Under RCW 9A.28.020(1), "[a] person is guilty of an attempt to commit a crime if, with intent to commit a specific crime, he or she does any act which is a substantial step toward the commission of that crime." An attempt to commit a crime is a class C felony when the crime attempted is a class B felony. RCW 9A.28.020(3)(c).

3

Thompson initially argued that attempted failure to register as a sex offender was not a valid crime, but he withdrew that argument. And Thompson and Carroll do not seek to vacate their convictions. Accordingly, we need not address whether attempted failure to register is a crime.

### b. Authorization to Impose Community Custody

RCW 9.94A.701 states the circumstances under which a sentencing court must impose a sentence of community custody. RCW 9.94A.701(1) states,

> If an offender is sentenced to the custody of the department for one of the following crimes, the court shall, in addition to the other terms of the sentence, sentence the offender to community custody for three years:
> (a) A sex offense not sentenced under RCW 9.94A.507; or
> (b) A serious violent offense.

The other subsections of RCW 9.94A.701 identify additional situations in which the trial court must impose community custody.[1] The parties agree that only RCW 9.94A.701(1)(a) potentially authorizes community custody for attempted failure to register as a sex offender when, as here, the offender previously has been convicted of felony failure to register.[2]

### c. Definition of Sex Offense

RCW 9.94A.030(47)(a) defines "sex offense" as:

> (i) A felony that is a violation of chapter 9A.44 RCW other than RCW 9A.44.132;
> (ii) A violation of RCW 9A.64.020;
> (iii) A felony that is a violation of chapter 9.68A RCW other than RCW 9.68A.080;

---

[1] DOC also argues that attempted failure to register as a sex offender is not a "crime against persons," which qualifies for community custody under RCW 9.94A.701(3)(a). But the State does not claim that attempted failure to register as a sex offender is "crime against persons." Therefore, we need not address this issue.

[2] RCW 9.94A.701(3)(d) states that a court must impose community custody of one year for a felony failure to register if that is the offender's first violation for felony failure to register. Both Thompson and Carroll had been convicted of felony failure to register before the superior courts imposed the sentences at issue here.

(iv) A felony that is, under chapter 9A.28 RCW, *a criminal attempt*, criminal solicitation, or criminal conspiracy to commit *such crimes*; or
(v) A felony violation of RCW 9A.44.132(1) (failure to register as a sex offender) if the person has been convicted of violating RCW 9A.44.132(1) (failure to register as a sex offender) . . . on at least one prior occasion.

(Emphasis added.) The parties agree that only subsection (a)(v) potentially applies here.

RCW 9.94A.030(47)(a)(i)-(iii) identify specific crimes that constitute sex offenses. Subsection (a)(iv) expressly states that a felony that is a criminal attempt to commit "such crimes" is a sex offense. The State concedes that the term "such crimes" relates only to the crimes identified in subsections (a)(i)-(iii), and not to the failure to register as a sex offender identified in subsection (a)(v).

3.    Attempted Failure to Register as a Sex Offense

Under RCW 9.94A.030(47)(a)(v), felony failure to register as a sex offender under RCW 9A.44.132(1) is a sex offense if the person has been convicted of violating RCW 9A.44.132(1) on at least one prior occasion. Both Thompson and Carroll had prior convictions for failure to register as a sex offender; Thompson twice and Carroll three times. Therefore, there is no question that if Thompson and Carroll had committed the *completed* crime of failure to register as a sex offender under RCW 9A.44.132(1), that crime would have qualified as a sex offense under RCW 9.94A.030(47)(a)(v).

The question here is whether Thompson and Carroll's convictions of *attempted* failure to register as a sex offender were violations of RCW 9A.44.132(1) and therefore were sex offenses under RCW 9.94A.030(47)(a)(v).

DOC argues that considering RCW 9.94A.030(47)(a) as a whole precludes including attempted failure to register as a sex offender in the definition of sex offense. RCW 9.94A.030(47)(a)(i)-(iii) lists certain specific crimes that constitute sex offenses, and subsection

5

(iv) expressly states that the criminal attempt to commit such crimes is included in the definition of sex offense. However, failure to register as a sex offender is not one of the crimes listed in subsections (a)(i)-(iii). Instead, failure to register is addressed in the separate subsection (a)(v), which is not subject to (a)(iv).

DOC also relies on two cases: *Leach*, 161 Wn.2d 180 and *In re Personal Restraint of Hopkins*, 137 Wn.2d 897, 976 P.2d 616 (1999). In *Leach*, the court considered whether attempted second degree assault of a child qualified as a "crime against persons" under RCW 9.94A.701(3)(a) for purposes of imposing community custody. 161 Wn.2d at 182. RCW 9.94A.411(2)(a) listed many criminal offenses that qualified as crimes against persons. *Leach*, 161 Wn.2d at 185. Although second degree assault of a child was included in the list of crimes against persons under RCW 9.94A.411(2)(a), *attempted* second degree assault was not included. *Leach*, 161 Wn.2d at 183. The court held that RCW 9.94A.411(2)(a) provided an exclusive and complete list of crimes against persons, and the court could not add attempt crimes not included in the list. *Id.* at 185-86. The court noted that "it is not absurd to treat an 'attempted' crime differently from a completed crime." *Id.* at 187.

In *Hopkins*, the court considered whether the crime of solicitation to deliver cocaine was an offense under chapter 69.50 RCW for purposes of a statute allowing a sentence to be doubled for certain convictions under that chapter. 137 Wn.2d at 899-900. Chapter 69.50 RCW expressly included two anticipatory offenses – attempt and conspiracy – as specific offenses under that chapter, but did not include solicitation. *Id.* at 900-01. The court followed the rule of "expressio unius est exclusio alterius – specific inclusions exclude implication." *Id.* at 901. Under that rule, the implied inclusion of solicitation in chapter 69.50 RCW was barred because that chapter expressly included only attempt and conspiracy. *Id.* The court emphasized chapter

69.50 RCW's inclusion of a particular crime as an offense did not mean that solicitation to commit the crime was an offense under that chapter. *Id.*

    4.    Analysis

We hold that attempted failure to register as a sex offender does not constitute a sex offense under RCW 9.94A.030(47)(a). Considering RCW 9.94A.030(47)(a) as a whole compels this result. RCW 9.94A.030(47)(a)(iv) expressly includes the attempt to commit the crimes listed in subsections (a)(i)-(iii) in the definition of sex offense, but does not include attempted failure to register as a sex offender. Under expressio unius est exclusio alterius, the legislature's decision not to include failure to register as a sex offender in the crimes for which RCW 9.94A.030(47)(a)(iv) applies must be considered intentional. *See State v. Bacon*, 190 Wn.2d 458, 466-67, 415 P.3d 207 (2018). And holding that attempts to commit all the offenses listed in RCW 9.94A.030(47) are implicitly included under the definition of sex offense would render RCW 9.94A.030(47)(a)(iv) superfluous.

Although not directly on point, the reasoning of *Hopkins* supports this analysis. In *Hopkins*, the Supreme Court held that expressly including attempt and conspiracy but not solicitation as crimes under chapter 69.50 RCW precluded an implication that solicitation was a crime under that chapter. 137 Wn.2d at 900-01. Similarly, expressly including attempts to commit certain specified crimes but not attempted failure to register as a sex offender in the definition of sex offense precludes an implication that attempted failure to register is a sex offense.

If the legislature had intended attempted failure to register as a sex offender to be included in the definition of sex offense, it would have included the failure to register as one of the crimes in RCW 9.94A.030(47)(a)(i)-(iii) subject to the attempt provision in subsection

(a)(iv). The fact that the legislature did not shows that the legislature did not intend to include attempted failure to register as a sex offender in the definition of sex offense.

The State does not attempt to address this analysis. Specifically, the State does not explain how we can adopt a contrary position without essentially ignoring the distinction the legislature made in RCW 9.94A.030(47)(a) between attempts to commit certain specified crimes and attempts to fail to register.

In addition, the State's arguments supporting its position that *attempted* failure to register as a sex offender constitutes a violation of RCW 9A.44.132(1) are not persuasive. The State notes that RCW 9A.28.020(3) classifies the level of attempt crimes based on the level of the crimes the defendant was attempting to commit. The State also emphasizes that when calculating a defendant's offender score, prior convictions for felony attempts are scored "the same as if they were convictions for completed offenses." RCW 9.94A.525(4). And the State points out that the pattern jury instructions for an attempt crime state that the jury must be instructed both on the elements of attempt and on the elements of the completed crime. 11A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 100.02 note on use (4th ed. 2016).

However, neither RCW 9A.28.020 nor the statutes defining individual criminal offenses expressly state whether attempt crimes should be considered violations of the base crime. The State does not cite any case authority for its position that an attempt to commit a crime should be treated as a violation of the underlying criminal statute. And the State's various other arguments show only that there is a connection between the attempted crime and the completed crime, but not that an attempted violation of a statute is the same as a completed violation of a statute.

Although not directly on point, *Leach* supports the conclusion that attempted failure to register as a sex offender cannot be treated the same as the completed crime of failure to register for purposes of imposing community custody. In *Leach*, the Supreme Court held that including a completed crime on a list of crimes eligible for community custody did not mean that the attempt to commit that crime also was eligible. 161 Wn.2d at 185-87. Similarly, expressly including failure to register as a sex offender in the definition of sex offense does not mean that attempted failure to register also is a sex offense.

We hold that attempted failure to register as a sex offender is not a sex offense under RCW 9.94A.030(47)(a)(v). Therefore, that offense does not qualify for the imposition of community custody under RCW 9.94A.701(1)(a).

## CONCLUSION

We remand the Thompson and Carroll cases to the superior court with instructions to strike the community custody provisions of their judgments and sentences.

_____
MAXA, C.J.

We concur:

_____
BJORGEN, J.

_____
LEE, J.

9