**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 83434-7-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| ERIC BARNETT, | ) | |
| | ) | |
| Appellant | ) | |
| | ) | |

ANDRUS, A.C.J. — Eric Barnett appeals the duration of his prison sentence imposed after a jury convicted him of second degree assault with a firearm, first degree unlawful possession of a firearm, and possession of a stolen firearm. He argues the trial violated RCW 9.94A.533(3)(f) when it imposed a 36-month firearm enhancement to run consecutively to the sentences he received for the firearms offenses. We disagree and affirm.

## FACTS

On April 5, 2019, Barnett assaulted his friend, Dylan Hjelm, with a stolen .22 caliber revolver. The State charged Barnett with second degree assault with a firearm enhancement, possession of a stolen firearm, and because he had a prior serious felony conviction, first degree unlawful possession of a firearm. The jury found Barnett guilty as charged.

No. 83434-7-I/2

The trial court imposed a high end standard range sentence of 57 months for the second degree assault conviction and a high end standard range sentence of 43 months for each of the two firearm offenses. The court ordered that the firearm offense sentences be served concurrently to the second degree assault sentence but, pursuant to RCW 9.94A.589(1)(c),[1] ordered that they be served consecutively as to each other, for a period of confinement of 86 months. The court also ordered that the 36-month firearm enhancement, imposed under RCW 9.94A.533(3)(b) as a result of the assault conviction, run consecutive to Barnett's total period of confinement, resulting in a total sentence of 122 months. Barnett appeals the duration of his sentence.

ANALYSIS

Barnett argues that the trial court violated RCW 9.94A.533(3)(f) when it ordered the firearm enhancement to run consecutive to the firearm possession offenses. We disagree.

We review issues of statutory interpretation de novo. State v. Dennis, 191 Wn.2d 169, 172, 421 P.3d 944 (2018). The purpose of statutory interpretation is to give effect to the intent of the legislature. State v. Sweany, 174 Wn.2d 909, 914, 281 P.3d 305 (2012). To derive legislative intent, we look to the "plain language

---

[1] RCW 9.94A.589(1)(c) provides

If an offender is convicted under RCW 9.41.040 for unlawful possession of a firearm in the first or second degree and for the felony crimes of theft of a firearm or possession of a stolen firearm, or both, the standard sentence range for each of these current offenses shall be determined by using all other current and prior convictions, except other current convictions for the felony crimes listed in this subjection (1)(c), as if they were prior convictions. The offender shall serve consecutive sentences for each conviction of the felony crimes listed in this subjection (1)(c), and for each firearm unlawfully possessed.

- 2 -

No. 83434-7-I/3

enacted by the legislature, considering the text of the provision in question, the context of the statute in which the provision is found, related provisions, and the statutory scheme as a whole." State v. Evans, 177 Wn.2d 186, 192, 298 P.3d 724 (2013). If the statute's meaning is unambiguous, our inquiry ends. State v. Armendariz, 160 Wn.2d 106, 110, 156 P.3d 201 (2007).

We conclude RCW 9.94A.533(3)[2] is unambiguous. It provides in pertinent part:

> (3) The following additional times shall be added to the standard sentence range for felony crimes committed after July 23, 1995, if the offender or an accomplice was armed with a firearm as defined in RCW 9.41.010 and the offender is being sentenced for one of the crimes listed in this subsection as eligible for any firearm enhancements based on the classification of the completed felony crime. If the offender is being sentenced for more than one offense, the firearm enhancement or enhancements must be added to the total period of confinement for all offenses, regardless of which underlying offense is subject to a firearm enhancement. . . . :
>
> . . . .
> (b) Three years for any felony defined under any law as a class B felony or with a statutory maximum sentence of ten years, or both, and not covered under (f) of this subsection;
> . . . .
> (e) Notwithstanding any other provision of law, all firearm enhancements under this section are mandatory, shall be served in total confinement, and shall run consecutively to all other sentencing provisions, including other firearm or deadly weapon enhancements, for all offenses sentenced under this chapter. . . .
>
> (f) The firearm enhancements in this section shall apply to all felony crimes except the following: Possession of a machine gun or bump-fire stock, possessing a stolen firearm, drive-by shooting, theft of a firearm, unlawful possession of a firearm in the first and second degree, and use of a machine gun or bump-fire stock in a felony . . . (Emphasis added.)

---

[2] RCW 9.94A.533 was amended in 2020. LAWS OF 2020, ch. 330, § 1. These amendments do not impact the analysis here. Any reference to the statute in this opinion is to the version in effect at the time.

Barnett contends that RCW 9.94A.533(3) and (3)(f) conflict, requiring us to harmonize these provisions in his favor to preserve the legislative intent and avoid unjust results. We see no conflict. RCW 9.94A.533(3)(f) merely lists crimes which are exempt from the firearm enhancement. This subsection is silent on how firearm enhancements should be served when an offender has multiple convictions, some eligible for an enhancement and some not. RCW 9.94A.533(3), by contrast, explicitly states how courts should calculate the total period of confinement in such a situation. Because these provisions address different operations of the statute, they are not in conflict.

Barnett argues that RCW 9.94A.533(f) is evidence that the legislature did not intend for any firearm enhancement to run consecutively to a sentence for a firearm offense. But this argument would require us to add words not present in the statute. The plain language of RCW 9.94A.533(3) specifies that if any firearm enhancement is imposed for an eligible crime, it must be added "to the <u>total period of confinement for all offenses</u>." (emphasis added). It does not say that the firearm enhancement is to be added to the total period of confinement for all "eligible offenses." Our interpretation is consistent with RCW 9.94A.533(3)(e) which states that firearms enhancements "shall run consecutively to all other sentencing provisions." Again, the legislature did not choose to run the enhancement consecutively only to "all other sentencing provisions, except those relating to firearm offenses." When we interpret statutes, we will not "add words where the legislature has chosen not to include them." <u>Rest. Dev., Inc. v. Canawill, Inc.</u>, 150 Wn.2d 674, 682, 80 P.3d 598 (2003).

No. 83434-7-I/5

Barnett's total period of confinement was 86 months. Thus, the trial court correctly added the 36-month firearm enhancement to his 86-month sentence.

We affirm.

Andrus, A.C.J.

WE CONCUR:

Dwyer, J.                    Appelwick, J.