IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Postsentence Review of: | ) ) ) | No. 38696-1-III |
| | ) | UNPUBLISHED OPINION |
| JORGE LUIS MONGE, | ) ) | |
| Respondent. | ) | |

LAWRENCE-BERREY, A.C.J. — The Department of Corrections (DOC) petitions for postsentence review, asking us to direct the trial court to strike community custody from Jorge Monge's sentence. We grant DOC's petition.

FACTS

Jorge Monge pleaded guilty to conspiracy to commit second degree robbery. The superior court sentenced him to 24.75 months of confinement and 18 months of community custody.

DOC reviewed Mr. Monge's judgment and sentence and concluded that community custody was not appropriate for his crime of conviction. It contacted the court and the assigned deputy prosecutor to resolve the matter. After not receiving any response, it referred the issue to the Attorney General's office. That office also did not receive an adequate response. DOC then filed a postsentence petition with this court.

ANALYSIS

ILLEGAL TERM OF COMMUNITY CUSTODY

DOC contends, and the State concedes, that Mr. Monge's sentence of 18 months of community custody is illegal. We agree.

The superior court may only impose a sentence, including a term of community custody, that is authorized by statute. *In re Postsentence Review of Leach*, 161 Wn.2d 180, 184, 163 P.3d 782 (2007). "Whether the trial court exceeded its statutory authority in issuing a particular sentence is a question of law that we review de novo." *In re Postsentence Review of Thompson*, 6 Wn. App. 2d 64, 67, 429 P.3d 545 (2018). RCW 9.94A.701 dictates the required terms of community custody for various felonies.

Here, the superior court imposed community custody under RCW 9.94A.701(2), which requires an 18-month term of community custody for defendants convicted of a violent offense that is not a serious violent offense. But Mr. Monge's crime of conviction, conspiracy to commit second degree robbery, is not a violent offense as defined in RCW 9.94A.030(58)(a). Conspiracy to commit a class A felony is a violent offense under RCW 9.94A.030(58)(a)(ii); however, second degree robbery is only a class B felony. RCW 9A.56.210(2). Second degree robbery itself is a violent offense under

No. 38696-1-III
*In re Postsentence Review of Monge*

RCW 9.94A.030(58)(a)(xi); however, conspiracy to commit second degree robbery is not.

Community custody for a violent offense is not authorized for Mr. Monge.

No other provision of RCW 9.94A.701 permits community custody for Mr.

Monge's crime of conviction. Accordingly, community custody must be struck from his

judgment and sentence.

Remand to strike community custody.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, A.C.J.

WE CONCUR:

_____
Fearing, J.

_____
Staab, J.

3