# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Postsentence Review of: | No.58771-8-II |
| SIRCEDRIC ANTONIO GARDNER, | PUBLISHED OPINION |
| Respondent. | |

MAXA, P.J. – The Department of Corrections (DOC) seeks postsentence review of Sircedric Gardner's sentence. Gardner originally was sentenced under the mental health sentencing alternative (MHSA), former RCW 9.94A.695 (2021). But Gardner failed to comply with the terms of his MHSA, and the trial court revoked his MHSA sentence. The trial court then imposed a new sentence that included an 18 month term of community custody.

DOC argues that the trial court improperly imposed community custody because it was not authorized under former RCW 9.94A.695(11)(c). Gardner joins in this argument. The State responds that once the court revoked the MHSA, the court properly imposed community custody under RCW 9.94A.701(2).[1]

We hold that the trial court was not authorized to impose community custody as part of Gardner's sentence after the trial court revoked his MHSA sentence. Accordingly, we grant

---

[1] The legislature amended RCW 9.94A.701 in 2024. LAWS OF 2024, ch. 306 §10. Because the amendments are not relevant to our analysis, we cite to the current version of the statute.

DOC's petition for postsentence review, and we remand for the trial court to strike the community custody provision from the judgment and sentence.

## FACTS

Gardner pled guilty to first degree robbery, a violent offense. The plea agreement required the State to recommend that the trial court sentence Gardner under the MHSA. Gardner was advised that if the MHSA sentence was revoked for noncompliance, the court could impose a standard range sentence of 129 to 171 months of confinement plus 18 months of community custody.

The trial court accepted Gardner's guilty plea and sentenced him under the MHSA. As required under the MHSA, the court waived imposition of a sentence within the standard range and imposed 36 months of community custody subject to a variety of conditions.

Gardner failed to comply with the terms of his MHSA, and the trial court revoked his MHSA sentence. The court then imposed an exceptional sentence downward of 100 months of total confinement and 18 months of community custody.

On August 30, 2023, DOC received a copy of the order revoking the MHSA and imposing the new sentence. That same day, DOC notified the State that DOC believed that the trial court lacked the authority to impose community custody under the MHSA and requested an amended order removing the community custody term. The State disagreed with DOC's request. Less than 90 days after obtaining actual knowledge of the sentencing terms, DOC filed this petition for postsentence review and certified that it had made all reasonable efforts to resolve the dispute in the superior court.

ANALYSIS

A.    POSTSENTENCE REVIEW PROCEDURE

RCW 9.94A.585(7) authorizes DOC to petition for review of a sentence committing an offender to DOC's jurisdiction based on errors of law. A petition for postsentence review must be filed in this court no later than 90 days after DOC has actual knowledge of the sentencing terms and must include DOC's certification that all reasonable efforts to resolve the issue at the superior court level had been exhausted. RCW 9.94A.585(7).

We review a petition for postsentence review of a sentence for legal error. *In re Postsentence Rev. of Thompson*, 6 Wn. App. 2d 64, 67, 429 P.3d 545 (2018). Even when the sentence is imposed pursuant to a plea agreement, trial courts can only impose sentences that are authorized by statute. *Id.* This rule applies to the imposition of community custody. *In re Postsentence Rev. of Leach*, 161 Wn.2d 180, 188, 163 P.3d 782 (2007). Whether the trial court had authority to impose a particular sentence is a question of law that we review de novo. *Thompson*, 6 Wn. App. 2d at 67.

B.    AUTHORITY TO IMPOSE COMMUNITY CUSTODY

DOC argues, and Gardner agrees, that the trial court erred in imposing community custody because it is not authorized under former RCW 9.94A.695(11)(c). The State argues that once the trial court revoked Gardner's MSHA, community custody was required under RCW 9.94A.701(2) and not prohibited by former RCW 9.94A.695(11)(c). We agree with DOC.

1.    Statutory Interpretation

Determining whether community custody is authorized under former RCW 9.94A.695(11)(c) requires us to engage in statutory interpretation. "The purpose of statutory interpretation is to give effect to the legislature's intent." *Thompson*, 6 Wn. App. 2d at 67. To

determine the legislature's intent, we "examin[e] the plain language of the statute, the context of the statute and related provisions, and the statutory scheme as a whole." *Id.*

If the statute's plain language "is susceptible to more than one reasonable interpretation, the statute is ambiguous." *State v. Lake*, 13 Wn. App. 2d 773, 777, 466 P.3d 1152 (2020). If the statute is ambiguous, we attempt to "determine the legislature's intent by considering other indicia of legislative intent, including principles of statutory construction, legislative history, and relevant case law." *Id.* "If these indications of legislative intent are insufficient to resolve the ambiguity, under the rule of lenity we must interpret the ambiguous statute in favor of the defendant." *Id.*

2. Relevant Statutes

Generally, RCW 9.94A.701(2) requires the trial court to impose an 18 month community custody term for violent offenses that are not considered serious violent offenses. But RCW 9.94A.701(8) provides that "[i]f the offender is sentenced under the [MHSA], the court shall impose a term of community custody as provided in RCW 9.94A.695."

Under former RCW 9.94A.695(4) and (7), if the trial court determines that an MHSA sentence is appropriate, the court must waive the imposition of a standard range sentence and instead impose a term of community custody that includes specific treatment conditions. If the defendant violates the community custody terms, the court may impose a variety of sanctions including revocation of the MHSA sentence. Former RCW 9.94A.695(11)(c).

Specifically, former RCW 9.94A.695(11)(c) provides that the trial court may *"*[r]evoke the sentencing alternative and impose a term of total or partial confinement within the standard sentence range or impose an exceptional sentence below the standard sentencing range if compelling reasons are found by the court or the parties agree to the downward departure."

Former RCW 9.94A.695(11) does not contain any language addressing whether the sentencing court can impose community custody under RCW 9.94A.701 if the MHSA sentence is revoked.

### 3. Analysis

When a trial court revokes a MHSA, former RCW 9.94A.695(11)(c) authorizes the court to (1) "impose a term of total or partial confinement within the standard sentence range" or (2) "impose an exceptional sentence below the standard sentencing range." The statute's plain language states that the trial court can impose a term of *confinement* upon revocation of the MHSA. But former RCW 9.94A.695(11) does not state that the trial court can impose a sentence that involves something other than confinement, such as community custody.

As noted above, a trial court may only impose a sentence that is authorized by statute. *Thompson*, 6 Wn. App. 2d at 67. Former RCW 9.94A.695(11) does not authorize the imposition of community custody.

The State argues that once the MHSA was revoked, the regular sentencing statutes applied. These statutes included RCW 9.94A.701(2), which required the trial court to impose 18 months of community custody. But revocation of the MHSA does not render RCW 9.94A.695 inapplicable and return the trial court to the regular sentencing scheme. Instead, former RCW 9.94A.695(11) specifies the trial court's authority once the MHSA is revoked. And that authority does not include the imposition of community custody.

This conclusion is supported by the fact that the legislature expressly has authorized the imposition of community custody upon the termination of other sentencing alternatives. RCW 9.94A.662(2) states, "A sentence for a prison-based special drug offender sentencing alternative shall include: . . . (e) A term of community custody pursuant to RCW 9.94A.701 to be imposed upon the failure to complete or administrative termination from the special drug offender

sentencing alternative program." Similarly, RCW 9.94A.664 – which addresses a residential substance use disorder treatment-based alternative – states that at a treatment termination hearing that trial court may "[i]mpose a term of total confinement equal to one-half the midpoint of the standard sentence range, followed by a term of community custody under RCW 9.94A.701." Former RCW 9.94A.695(11)(c) contains no such provisions.

The State's position is not without merit. But former RCW 9.94A.695(11)(c) does not state that the trial court can impose community custody when a MHSA is revoked. And we cannot add words to a statute when the legislature has chosen not to include that language. *State v. Barnett*, 21 Wn. App. 2d 469, 473, 506 P.3d 714 (2022).

In 2024, the legislature amended former RCW 9.94A.695(11), changing "impose a term of total or partial confinement within the standard sentence range" to "impose a standard range sentence." RCW 9.94A.695(12). This amended language does not limit the trial court to the imposition of confinement. And arguably, a "standard range sentence" could include community custody under RCW 9.94A.701(2). But this amendment does not apply to this case because Gardner's sentencing occurred before the amendment's effective date. And we express no opinion regarding the interpretation of the 2024 amendment.

We conclude that the trial court did not have authority to impose community custody as part of Gardner's sentence.

CONCLUSION

We grant DOC's petition for postsentence review, and we remand for the trial court to strike the community custody provision from the judgment and sentence.

_____
MAXA, P.J.

We concur:

_____
LEE, J.

_____
PRICE, J.