IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| In re Post-Sentence Review of:<br><br>BARCLAY OMISSE JOHNSON,<br><br>           Defendant. | No. 85767-3-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

PER CURIAM — The Department of Corrections (DOC) seeks postsentence review of Barclay Johnson's sentence. Johnson was originally sentenced under the mental health sentencing alternative (MHSA), former RCW 9.94A.695 (2021). Johnson failed to comply with the terms of his MHSA, and the trial court revoked his MHSA sentence. The trial court then imposed a new sentence of 14 months of confinement and 12 months of community custody.

DOC argues that the trial court improperly imposed a term of community custody as part of Johnson's sentence because it was not authorized to do so under former RCW 9.94A.695(11)(c). The State concedes error and joins the DOC's request to have the community custody term stricken from Johnson's sentence. Johnson did not file a response. We accept the State's concession, grant DOC's petition for postsentence review, and remand for the trial court to strike the community custody provision from the judgment and sentence.

We review a petition for postsentence review for legal error, applying de novo review. *In re Postsentence Rev. of Thomspon*, 6 Wn. App. 2d 64, 67, 429 P.3d 545 (2018). Trial courts may only impose sentences that are authorized by statute.

*Thompson*, 6 Wn. App. 2d at 67. This applies to sentences imposing a term of community custody. *In re Postsentence Rev. of Leach*, 161 Wn.2d 180, 188, 163 P.3d 782 (2007).

A defendant who receives an MHSA sentence may have that sentence revoked if they violate the conditions imposed as part of the original MHSA sentence. Former RCW 9.94A.695(11). Former RCW 9.94A.695(11)(c) provides that the trial court may "[r]evoke the sentencing alternative and impose a term of total or partial confinement within the standard sentence range or impose an exceptional sentence below the standard sentencing range if compelling reasons are found by the court or the parties agree to the downward departure." In *In re Post-Sentence Review of Gardner*, 32 Wn. App. 2d 474, 556 P.3d 743, 746 (2024), this court held that under the plain language of the statute, "[f]ormer RCW 9.94A.695(11) does not authorize the imposition of community custody" upon revocation of an MHSA.

In light of the State's concession of error, we grant DOC's petition for postsentence review and remand for the trial court to strike the community custody provision from Johnson's judgment and sentence.

FOR THE COURT:

_Mann, J._

_Coburn, J._

_Dwyer, J._