IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Postsentence Review of: | ) | No. 40145-6-III |
| | ) | |
| KELLY DEAN FLEMING. | ) | UNPUBLISHED OPINION |
| | ) | |
| | ) | |

MURPHY, J. —After pleading guilty to third degree assault and unlawful imprisonment, Kelly Dean Fleming was sentenced to 24 months of community custody under the mental health sentencing alternative (MHSA) statute, RCW 9.94A.695. After failing to comply with the terms of his supervised custody, the trial court revoked the MHSA and imposed a standard range 24-month term of incarceration followed by 12 months of community custody. The Department of Corrections (DOC) seeks postsentence review, contending that the trial court lacked statutory authority to impose an additional term of community custody after revoking the MHSA. We agree and remand to the trial court to strike the community custody term from Fleming's sentence.

FACTS

On April 3, 2023, Kelly Fleming entered into an agreement with the State to plead guilty to reduced charges of one count each of third degree assault and unlawful imprisonment, with each crime committed through domestic violence against a family or household member and/or intimate partner. In exchange, the State recommended a 24-month MHSA. On May 31, the trial court followed the State's recommendation and

sentenced Fleming to 24 months of community custody under the MHSA statute, subject to both standard and special conditions. On September 20, after being found noncompliant with the conditions of his supervised custody, the trial court revoked the MHSA and sentenced Fleming to a standard range 24-month term of incarceration to be followed by 12 months of community custody.

On October 5, 2023, upon receipt of the order revoking Fleming's MHSA and imposing incarceration followed by community custody, the DOC contacted the parties and the trial court requesting correction of the sentence on the basis that the trial court lacked statutory authority to impose an additional term of community custody after revoking the MHSA. The State responded that it was unsure as to why community custody under RCW 9.94A.701 would not apply to Fleming's current sentence. On November 17, counsel for the DOC contacted the parties and the trial court to follow up on the previous request to correct Fleming's sentence, explaining that former RCW 9.94A.695(11) does not authorize an additional term of community custody upon revocation of a MHSA. The State responded that it was looking into the issue, but did not further respond.

On December 21, 2023, the DOC petitioned this court under RAP 16.18 for postsentence review of Fleming's sentence. The DOC filed its petition within 90 days of having actual knowledge of the terms of the sentence and certified that it had made

all reasonable efforts to resolve the dispute in the trial court prior to pursuing relief in this court. *See* RCW 9.94A.585(7).

## ANALYSIS

It is the position of the DOC and Fleming that the trial court was not statutorily authorized to impose an additional term of community custody upon revocation of the MHSA. See former RCW 9.94A.695(11). The State disagrees, arguing that once the trial court revoked Fleming's MHSA and sentenced Fleming to a term of incarceration, community custody was required under RCW 9.94A.701(3).

Review of a postsentence petition is "limited to errors of law." RCW 9.94A.585(7); *see also In re Postsentence Rev. of Thompson*, 6 Wn. App. 2d 64, 67, 429 P.3d 545 (2018). "Whether the trial court had authority to impose a particular sentence is a question of law that we review de novo." *In re Postsentence Rev. of Gardner*, 32 Wn. App. 2d 474, 477, 556 P.3d 743 (2024).

"Determining whether community custody is authorized under former RCW 9.94A.695(11)(c) requires us to engage in statutory interpretation." *Id.* at 478. We review questions of statutory construction de novo by ascertaining the legislature's intent." *In re Postsentence Rev. of Combs*, 176 Wn. App. 112, 116, 308 P.3d 763 (2013). Intent is derived by first looking at the statutory language to determine whether it conveys a plain meaning. *In re Marriage of Schneider*, 173 Wn.2d 353, 363, 268 P.3d

3

215 (2011). To determine a statute's plain meaning, courts examine the "statute in which the provision at issue is found, as well as related statutes or other provisions of the same act in which the provision is found." *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 10, 43 P.3d 4 (2002). If this inquiry leads to more than one reasonable interpretation, then the statute is ambiguous, and it is appropriate for this court to refer to the statute's legislative history and other aids of statutory construction. *State v. Dennis*, 191 Wn.2d 169, 173, 421 P.3d 944 (2018). "If these indications of legislative intent are insufficient to resolve the ambiguity, under the rule of lenity we must interpret the ambiguous statute in favor of the defendant." *State v. Lake*, 13 Wn. App. 2d 773, 777, 466 P.3d 1152 (2020). Courts avoid construing a statute in a way that produces an absurd result as it is presumed such a result would never be the intent of the legislature. *State v. Engel*, 166 Wn.2d 572, 579, 210 P.3d 1007 (2009).

> (1) When a person is convicted of a felony, the court shall impose punishment as provided in this chapter.
> (2)(a) The court shall impose a sentence as provided in the following sections and as applicable in the case:
> (i) Unless another term of confinement applies, a sentence within the standard sentence range established in RCW 9.94A.510 or 9.94A.517;
> (ii) RCW 9.94A.701 and 9.94A.702, relating to community custody;
> . . . .
> (ix) RCW 9.94A.695, relating to the mental health sentencing alternative[.]

RCW 9.94A.505.

Generally, RCW 9.94A.701(3)(a) requires that a sentencing court impose a one-year term of community custody, in addition to the other terms of the sentence, for "[a]ny crime against persons." Third degree assault, which is one of Fleming's crimes of conviction, is a crime against persons. *See* RCW 9.94A.411(2). However, RCW 9.94A.701(8) provides that "[i]f the offender is sentenced under the [MHSA statute], the court shall impose a term of community custody as provided in RCW 9.94A.695."

If a sentencing court determines that a MHSA is appropriate, it "shall waive imposition of the sentence within the standard range," and instead impose between 12 and 36 months of community custody. RCW 9.94A.695(4). If an individual violates the terms of their supervised custody under the MHSA, the court is authorized to hold a termination hearing where it may:

> Revoke the sentencing alternative and *impose a term of total or partial confinement within the standard sentence range* or impose an exceptional sentence below the standard sentencing range if compelling reasons are found by the court or the parties agree to the downward departure. The defendant shall receive credit for time served while supervised in the community against any term of total confinement. The court must issue written findings indicating a substantial and compelling reason to revoke this sentencing alternative.

Former RCW 9.94A.695(11)(c) (emphasis added). This statute, however, does not contain language authorizing a sentencing court to impose additional community custody

5

under RCW 9.94A.701 if the MHSA is revoked.

Division Two of this court addressed this same issue in *Gardner* and concluded that "revocation of [a] MHSA does not render former RCW 9.94A.695(11) inapplicable and return the trial court to the original sentencing scheme." 32 Wn. App. 2d at 479. This holding is supported by the plain language of the statute, which limits a court's authority following a MHSA revocation to imposing either "a term of total or partial *confinement*" or "an exceptional sentence below the sentencing range." Former RCW 9.94A.695(11)(c) (emphasis added). "Former RCW 9.94A.695(11) does not authorize the imposition of community custody." *Gardner*, 32 Wn. App. 2d at 479.

The State contends this interpretation wrongly views the term "confinement" and argues the language in the statute that the court may "revoke the sentencing alternative," as opposed to merely revoking the terms of community custody, indicates that the legislature intended the application of the default standard range sentence and term of community custody under RCW 9.94A.505(2)(a)(i) and (ii) in the event of a MHSA revocation. In addition, the State contends that the default sentence for Fleming's third degree assault conviction required the imposition of a term of community custody in addition to other terms of the sentence.

However, as Division Two explained in *Gardner*:

[R]evocation of the MHSA does not render former RCW 9.94A.695

> inapplicable and return the trial court to the regular sentencing scheme.
> Instead, former RCW 9.94A.695(11) specifies the trial court's authority
> once the MHSA is revoked. And that authority does not include the
> imposition of community custody.

32 Wn. App. 2d at 479-80. This court will not add words to a statute when the legislature

has chosen not to include that language. *Id.* at 480; *State v. Barnett*, 21 Wn. App. 2d 469,

473, 506 P.3d 714 (2022).

We find no compelling reason to depart from the holding in *Gardner* that former

RCW 9.94A.695(11) does not permit the imposition of community custody upon

revocation of a MHSA.

## CONCLUSION

We grant the DOC's petition and remand for the trial court to strike the

community custody term from Fleming's sentence.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Murphy, J.

WE CONCUR:

_____          _____
Fearing, J.                               Cooney, J.

7